[Randolph et al. v. The State.]

# Randolph *et al. v.* The State.

*Indictment for Burglary.*

100 139
105 70
105 85.
100 139
116 440
100 139
120 387
100 139
125 49
100 139
134 42
100 139
141 79

1. *Venue; charge as to proof of, at the request of one of two defendants indicted jointly.*—Where the bill of exceptions recites that it contains substantially all the evidence in the case and fails to contain any evidence as to the venue, it is error for the court to refuse a charge to the jury requested by one of the joint defendants "that they must acquit him if they believe the evidence," but such error will not avail the other defendant.

2. *Motion to exclude state's evidence on failure to prove venue.*—Where under an indictment against two defendants, jointly, for burglary the testimony for the prosecution is closed without proof being made of the venue, it is error in the court to refuse a joint motion of the defendants "to exclude all the evidence offered by the State and to discharge the defendants."

3. *Joint motion; good as to one defendant only; properly refused.*—Under a prosecution on an indictment charging two defendants, jointly, a motion made by both defendants for the discharge of both on the ground that the evidence failed to connect them with the offense, and there was evidence tending to connect one of the defendants with the offense but not the other ; the motion not being good as to both of the defendants is properly denied as a whole.

4. *Burglary; possession of the stolen property.*—Where the defendant and his wife were indicted jointly for burglary of a store and some of the stolen property was found, thirteen months after the burglary, in the house of the husband in the possession of the wife, who was then occupying the house alone, the husband being confined in jail at that time on another charge; and it appeared that on a search of the house, made just prior to the arrest of the husband on such other charge, some of the property was found ; Held, by a majority of the court, that the above facts were competent to be considered by the jury on the question of the husband's guilt or innocence. (McClellan, J., dissenting )

APPEAL from the Circuit Court of Wilcox.
Tried before the Hon. JOHN MOORE.

The defendants, William Randolph and his wife, Penny Randolph, were indicted and tried, jointly, for the burglary of a store house belonging to Francis M. Cobb. The evidence showed that the store was broken into and entered in the latter part of October or early in November 1892, and that goods were stolen therefrom. At the time of the burglary the defendants resided about three quarters of a mile from the store, and a mule track and horse track were traced, the next morning after the burglary, leading along a road in the direction of defendant's house, but were lost among

other tracks at a distance of five or six hundred yards from defendant's house. The defendant William Randolph was shown to have owned a mule at that time. The defendant's house and other houses in the neighborhood were searched on the day following the burglary but none of the stolen goods were found. About thirteen months after the burglary several articles of the stolen merchandise were found in the defendant's dwelling house which house was then occupied by the wife, alone, her husband being at the time confined in jail on another charge. When the goods were so found and in the absence of the husband the wife made conflicting statements as to how they came into the husband's possession. A few days before this last mentioned search was made, and a day or two before the husband was committed to jail on such other charge, a search of the house was made and none of the goods were found. This being the substance of the evidence introduced by the State the defendant's moved the court that they be not required to further defend the case or to offer evidence to account for the possession of the goods, on the ground that the possession of the goods shown by the testimony was not sufficiently recent after the burglary to require any explanation from them.

The court refused to grant the motion and to this ruling the defendants excepted.

The defendants then moved the court to exclude from the jury the evidence offered by the State and to discharge the defendants, which motion being denied by the court the defendants excepted.

The defendant, William Randolph, was then introduced as a witness for himself to explain how he came into possession of the stolen property and testified that he got possession of said property in the summer of 1893 from the wife of a person who was residing at the time of the burglary on the premises of the owner of the store, which person the owner of the store testified on the trial he had suspected of being a party to the burglary.

The foregoing being substantially all the evidence in the case the defendant, William Randolph, requested the court in writing to charge the jury that they must acquit him if they believed the evidence. The court refused to give this charge and to such refusal the said defendant excepted.

HOWARD & JONES, for the appellants.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—William Randolph and Penny Randolph were jointly indicted, tried and convicted of the offense of burglary of the store of one Cobb. The bill of exceptions recites that it contains substantially all the evidence in the case. It does not contain any evidence that the offense was committed in Wilcox county. The defendant, William Randolph, separately requested the court in writing to charge the jury "that they must acquit him if they believe the evidence." The court erred in refusing this charge : One fact essential to guilt—the venue in Wilcox county—was not in evidence, and the effect of the court's action was to hold that the case was made out, if the jury believed the evidence, though there was no proof and they might not have believed that the offense was committed in the county of the indictment.—*Bain v. State*, 61 Ala. 75 ; *Cawthorn v. State*, 63 Ala. 157 ; *Brown v. State*, ante p. 92.

This error, however, is not one of which the other defendant, Penny Randolph, can complain. By the refusal of this charge to William Randolph the court did not pass upon the sufficiency of the evidence if believed to convict her; but at most so far as this point is concerned, it can only be said that it does not affirmatively appear that the judgment as to her is supported by the evidence, and this is no ground for a reversal : "It does not lie within our province to grant new trials, in cases civil or criminal, because the verdict and judgment may not affirmatively appear to be supported by the evidence."—*Hubbard v. State*, 72 Ala. 164, 169–70.

But this question was raised in behalf of both defendants by a joint motion on their part made upon the close of the testimony for the prosecution, "to exclude all the evidence offered by the State and to discharge the defendants." This motion should have been granted. The court's denial of it was to rule in effect that there was evidence which, if believed by the jury, would authorize a conviction ; and this ruling was manifestly erroneous for that there was no evidence of the *venue*, and the error was equally prejudicial to each of the defendants.

The other motion made jointly by the defendants on the express ground that the State had failed to adduce any evidence tending to connect them with the commission of the offense was properly overruled. The motion was made by both defendants and prayed the discharge of both. There was certainly evidence tending to connect Penny Randolph · with the offense in the facts that she had possession though at the time remote from the crime of some of the property carried away when the store was broken into and that she

[Traylor et al. v. The State.]

gave directly conflicting and therefore necessarily false accounts of the source of her possession; and whether there was any such evidence as to William Randolph or not the motion was bad and the court properly overruled it, since, conceding that the latter was not implicated, the motion was good as to him and bad as to his co-defendant, and not being good as a whole as made it was well denied as a whole.

The court, moreover, is of the opinion (in which the writer does not concur) that the mere fact that some of the stolen property was found in the house of William Randolph thirteen months after the burglary in the possession of Penny Randolph who was his wife living in the house, William at the time being absent, confined in jail on another charge, it further appearing that on a search of the house made just prior to William's arrest on this other charge none of the stolen property was found, was some evidence for the jury to consider in determining his guilt or innocence.—12 Amer. & Eng. Encyc. of Law, 845; *White v. State,* 72 Ala. 195; *Malachi v. State,* 89 Ala. 134.

In any view however the motion made here was well denied.

Reversed and remanded.