# Oldacre *v.* The State.

### *Violating Prohibition Law.*

(Decided May 30, 1912.   59 South. 715.)

*Intoxicating Liquors; Wrongful Sale; Evidence.*—Where the evidence was to the effect that the defendant was seen with a bottle of whisky, that after he came to the house of a named person, that person had a bottle of whisky, but it was not shown that defendant sold or delivered any whisky, or that the person named did not have any whisky before the defendant came to his house, the proof of the mere possession of the whisky by the defendant, was not sufficient to support a conclusion that he kept such liquor for sale, or offered it for sale, and hence, the defendant was entitled to have such evidence excluded on motion.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Chester Oldacre was convicted on an indictment charging him with selling, offering for sale, keeping for sale or otherwise disposing of, prohibited liquors contrary to law, and he appeals. Reversed and remanded.

TIDWELL & SAMPLE, for appellant. The defendant's motion to exclude the evidence should have been granted.—*Randolph v. The State,* 100 Ala. 139; *Griffin v. The State,* 76 Ala. 29; 1 Greenl. sec. 49. The affirmative charge should have been given.—*O'Brien v. The State,* 57 South. 1028.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. No judgment is shown on the confession by defendant and his sureties, and the appeal should, therefore, be dismissed.—*Wright v. The State,* 103 Ala. 95.

WALKER, P. J.—The indictment charged that the defendant "sold, offered for sale, kept for sale, or other-

wise disposed of prohibited liquors and beverages contrary to law," etc. We are not of opinion that it can fairly be said that the evidence offered by the prosecution tended to support either of the charges made in the indictment. The testimony of the first witness examined for the state was to the effect that one night about or a little after dark he was at the residence of J. P. Rowe, when the defendant came up on the back porch, and told the witness to tell J. P. Rowe to come out there, that he had some whisky for him; that he told Rowe what the defendant said, and Rowe went out on the back porch, where the defendant was; that soon after that Rowe came back in the house; that he saw the defendant with a bottle of whisky when he came back; that Rowe was drinking, and was considerably under the influence of whisky before the defendant came, and remained in that condition until bedtime that night; that he never saw the defendant sell or deliver any whisky to J. P. Rowe or any one else. Another witness testified that J. P. Rowe had a pint bottle nearly full of liquor there that night, but he did not know whether it was before or after the defendant was there. ' The only other witness examined in behalf of the state was J. P. Rowe, whose testimony was to the effect that he never at any time got any prohibited beverage from the defendant. In the absence of evidence tending to show that Rowe did not have the bottle of liquor above referred to before the defendant came to his house that night, such evidence as that above detailed could not legitimately support a conclusion that he got it from the defendant. There was an absence of any evidence tending to show that the defendant ever delivered any prohibited liquor to any one. There was no evidence that he ever offered to sell such liquor, or that he ever kept any such liquor in any kind of a building. Proof of his mere possession

of a bottle of liquor on the occasion in question would not support a conclusion that he kept such liquor for sale or offered to sell it. As there was an absence of evidence to authorize a conviction, the motion of the defendant, made at the conclusion of the evidence offered by the state, to exclude that evidence, should have been granted.—*Randolph, et al. v. State*, 100 Ala. 139, 14 South. 792.

Reversed and remanded.