# Brigman v. The State.

## Violating Prohibition Law.

(Decided June 21, 1913. Rehearing denied July 8, 1913.
62 South. 980.)

1. *Indictment and Information; Essentials; Signing.*—It is not essential to the validity of an indictment that it be signed by the solicitor, and the fact that an indictment is signed by defendant as special solicitor did not render the indictment subject to be stricken or quashed.

2. *Same.*—The fact that the indictment is signed in the name of the defendant as special solicitor does not raise the presumption that he, and not the person whose appointment is shown by the record, acted as special solicitor in the proceedings which resulted in the return of the indictment by the grand jury.

3. *Intoxicating Liquors; Keeping for Sale; Ownership; Evidence.*— In a prosecution for keeping prohibited liquors for sale or deposit, neither the ownership of the whisky, which was found in the cellar of a storeroom where defendant as general manager conducted a business, nor the opinion on that subject of the officer who seized it, is material.

4. *Same; Place.*—The charge of keeping prohibited liquors for sale could be supported by showing that defendant kept liquors stored at the place named in the indictment as to which the state offered evidence, or at another place where defendant testified that he kept liquor which he received during the period covered by the indictmnt.

5. *Same.*—Evidence of frequent receipts of liquor by defendant in considerable quantities furnishes support for an inference that he was getting it for sale.

6. *Appeal and Error; Harmless Error; Evidence.*—Where a witness had detailed fully all the facts that came under his observation as to the location and control of the whisky seized, it was not prejudicial to sustain an objection to the question if it were not a fact that the liquor was in the possession of a certain person not the defendant, even if such question was proper.

7. *Same; Record; Refused Charges.*—Where defendant complained of the refusal to give certain written charges, it should appear of record that they were requested before the jury retired.

8. *Trial; Exclusion of Evidence; Cross-Examination.*—Where it appeared on cross-examination of the witness that his only information on a particular subject to which he had testified on his direct examination, was what another had told him, such statement was properly excluded as hearsay.

[Brigman v. The State.]

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Vance Brigman was convicted of violating the prohibition law and he appeals. Affirmed.

ESPY & FARMER, for appellant. The record shows that Vance Brigman was not the solicitor, and hence the indictment should have been quashed.—*Joiner v. State,* 78 Ala. 448. One of two presumptions must be sustained to support the indictment, either that the solicitor inadvertently signed defendant's name, or that defendant himself by some sort of collusive agreement with the grand jury, was permited to sign the indictment in his own name, and the presumption must be indulged that defendant signed it.—*Edson v. State,* 134 Ala. 50. The words, "possession" and "keeping" are synonyms, and the showing of a state of possession disproves the state of keeping. The court was therefore, in error in excluding defendant's evidence offered along this particular line.—*Patterson v. Kicker,* 72 Ala. 406; *Morris v. State,* 84 Ala. 446; *Malachi v. State,* 89 Ala. 134 *Higdon v. Kennemar,* 120 Ala. 193; see also *Cooper v. Slaughter,* 57 South. 480; *Carl v. State,* 125 Ala. 89; *Morningstar v. State,* 52 Ala. 405.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

WALKER, P. J.—The indictment in this case was against Vance Brigman, and it was signed, "Vance Brigman, Special Solicitor of the Twelfth Circuit." We take it that this was a result of a mere inadvertence on the part of the person who drafted the paper. But, whether this was the fact or not, the signature to the indictment did not render it subject to be stricken or

quashed on the motions made to those ends. "It is not essential to the validity of the indictment that it should have been prepared or signed by the solicitor. It 'receives its legal efficacy from the finding and return of the grand jury; and the legal evidence of its verity is the return 'a true bill' apparent upon some part of it bearing the signature of the foreman.' "—*Prince v. State,* 140 Ala. 158, 37 South. 171; *Holley v. State,* 75 Ala. 14; *Joyner v. State,* 78 Ala. 448. If the signature as made be taken as importing that it was the act of the defendant himself, done without authority, he cannot be heard to complain of it, especially as the signature was mere surplusage, and cannot vitiate the indictment.— *State v. Mace,* 86 N. C. 668; *State v. Kovolesky,* 92 Iowa, 498, 61 N. W. 223; 22 Cyc. 251. The mere presence of the defendant's name to the indictment cannot import anything more than that he, or some other person, wrote it there, and does not give rise to a presumption that he, and not the person whose appointment is shown by the record, acted as special solicitor in the proceedings of the grand jury, which resulted in the finding of the indictment.

There was evidence tending to prove that a considerable quantity of whisky was found in a cellar of a storehouse, in which a business was conducted of which the defendant had charge as general manager. The defendant was not entitled to prove that the officer who seized the whisky did not regard it as the property of the defendant, and did not seize it as such. The ownership of the whisky and the officer's opinion on that subject were immaterial matters.—*Roden v. State,* 3 Ala. App. 197, 58 South. 71.

After the officer who made the seizure of the whisky had described in detail the room in the cellar in which it was found, had stated that it was in that room to

[Brigman v. The State.]

itself, and was separate from the furniture in the cellar, which was a part of the stock of goods used in the business in which the defendant was ostensibly engaged, and had testified as to his finding that room locked, and getting the key to it, not from the defendant, but from his brother, J. A. Brigman, who was in the store at the time, he was asked if it was not a fact that the liquor was in the possession of J. A. Brigman. Conceding that the question could, without error, have been permitted to be answered, yet the defendant could not have been prejudiced by the action of the court in sustaining the objection to it. It is plain that the defendant had already been permitted to elicit from the witness all the facts within his knowledge which could shed any light on the inquiry as to who was in possession of the liquor. The witness having fully detailed what came under his observation as to the location and control of the whisky, the result of sustaining the objection to the question could not have been to withhold from the jury any part of what he really knew as to who was in possession of it. The circumstances under which the question was asked were such as to justify the court in treating it as not calling for any fact observed by the witness to which he had not already deposed, and as not capable of eliciting any additional testimony that could shed light on the defendant's connection, or lack of connection, with the keeping of the whisky at the place in which it was found.

When it was made to appear on the cross-examination of the defendant's witness Forrester that the statement which the witness had made, in the course of his direct examination, as to the ownership of the business, which was conducted in the store in which the whisky was found, was not based on any personal knowledge of the witness as to the fact deposed to, but only on infor-

mation imparted to him by a third person, his statement on that subject was properly excluded, as amounting to no more than hearsay testimony.

It was brought out on the cross-examination of the defendant, who testified in his own behalf, that during the period covered by the indictment he received considerable quantities of prohibited liquors, which he stated were kept by him at a place other than the storehouse in which was found the whisky as to which the state had offered evidence. The charge made against the defendant that he kept prohibited liquors for sale could be supported by evidence of his doing so either at the storehouse mentioned in the evidence offered by the state, or at the place referred to by the defendant in his own testimony. The evidence as to the frequency and amounts of his receipts of liquor was such as to furnish some support for an inference that he was getting it for sale.—*Freeny v. City of Jasper, infra,* 62 South. 385. As it cannot be said that there was an absence of evidence to support a conviction of the defendant for keeping prohibited liquor for sale at a place other than the one named in the written charge requested by him, that charge was properly refused.

Besides it is not made to appear that the charge was requested before the jury retired to consider its verdict.

No error is found in the record.

Affirmed.