# Brown *v.* The State.

## *Murder.*

(Decided December 18, 1913.  64 South. 170.)

*Evidence; Reputation of Third Parties.*—Where a defendant entered a plea of not guilty by reason of insanity, and in support thereof, offered evidence having some tendency to prove that he was mentally unbalanced on account of information which had come to him of the existence of illicit relations between his wife and the deceased, the admission, in rebuttal, of evidence as to the general reputation of the wife for chastity, was error, she not being a witness. Evidence as to the character or reputation of third persons not being relevant, and it being incompetent to make the character of the wife the direct subject of inquiry on a trial of the husband for crime, when she is not a witness, and not in any manner connected with or interested in the prosecution or defense.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

William J. Brown was convicted of manslaughter, and he appeals. Reversed and remanded.

C. W. TOMPKINS and HARRY B. GROOM, for appellant. The court was in error in permitting the character of the wife of defendant for chastity to be introduced, although in rebuttal to some facts brought out by the defendant tending to show insanity because of illicit relations between deceased and his wife.—*Koch v. The*

[Brown v. The State.]

*State,* 115 Ala. 99; *Smith v. The State,* 59 South. 329; *Rollins v. The State,* 49 South. 329; 1 Elliott on Ev. 168. Counsel discuss other matters, but in view of the opinion it is not deemed necessary to set them out.

ROBERT C. BRICKELL, Attorney General, and THOMAS H. SEAY, Assistant Attorney General, for the State. It is submitted that the evidence objected to was compe-tent in rebuttal, for the purpose of informing the jury as to the true character of the wife, and as shedding light on the defense.

WALKER, P. J.—In support of his plea of not guilty by reason of insanity, the defendant offered evidence having some tendency to prove that he was mentally unbalanced or overwrought in consequence of informa-tion which had come to him of the existence of illicit relations between his wife and the deceased. Over objections and exceptions duly made and reserved by the defendant, the prosecution was permitted to introduce in rebuttal the testimony of several witnesses to the effect that they knew the general reputation as to chastity and virtue of the defendant's wife in the community in which she lived, and that that reputation was good. We are of opinion that the court was in error in admitting this testimony. The person, whose general reputation in the respect mentioned was permitted to be testified about, was not a witness in the case, and her reputation was not a matter within the issues to be passed on. We discover nothing about this testimony to remove it from the influence of the general rules that evidence as to the character or reputation of third persons is irrelevant and inadmissible, and that the character of the wife cannot be made a direct subject of inquiry, on the trial of the husband for crime, when she is not a witness and

[Tarver v. The State.]

not interested in, or in any manner connected with, the prosecution or defense.—*Rollings v. State,* 160 Ala. 82, 49 South. 329; *Koch v. State,* 115 Ala. 99, 22 South. 471; 12 Cyc. 418. The defendant had not, by the testimony he had offered as to information imparted to him of specific misconduct of his wife, raised an issue or question as to her general reputation in any respect, so as to make evidence to the effect that she had a good reputation for chastity admissible in rebuttal. The evidence offered by him was not properly subject to be rebutted or discredited by irrelevant and inadmissible testimony as to the good reputation for chastity of a person whose character or reputation was a matter foreign to any issue in the case.

Other questions presented need not be passed on, as such of them as would have merited discussion in any event are not liable to arise in another trial.

Reversed and remanded.