# Taylor *v.* The State.

### Burglary.

(Decided August 1, 1916.   72 South. 557.)

1. **Burglary; Ownership.**—Where defendant was indicted for burglarizing and stealing from a building belonging to a state witness, and the witness testified that the business belonged to a partnership of which he was a member, it was error to exclude cross examination regarding the relation of the witness to the business.

2. **Larceny; Indictment; Ownership; Partnership Property.**—An indictment alleging that stolen property of a partnership was owned by one of the partners was sufficient under § 7147, Code 1907.

3. **Witnesses; Examination; Cross.**—Where there was evidence as to the market value of property stolen, defendant was entitled to cross examine regarding its original cost, as bearing on its value.

4. **Larceny; Evidence.**—A witness could state that a watch shown him "looked like a watch defendant had."

5. **Names; Idem Sonans.**—The name "McClure" and "McLure" are idem sonans.

6. **Criminal Law; Motion to Exclude Evidence.**—A motion to exclude state's evidence and to discharge defendant is the proper method of testing the sufficiency of the evidence in a criminal cause.

7. **Same; Motion to Strike Evidence.**—The refusal of the court to permit defendant by counsel to move for the exclusion of the state's evidence, and to discharge defendant, is reversible error, as an invasion of defendant's constitutional right to be heard by counsel.

8. **Trial; Argument of Counsel; Limitation of Term.**—Limiting argument to the jury by counsel must be reasonably exercised so as not to deny a party his constitutional right to present his case to the jury, and where a defendant accused of burglary presented some evidence that he was not guilty, it was an abuse of discretion to limit his counsel in argument to five minutes.

[Taylor v. The State.]

APPEAL from Jefferson Criminal Court.

Heard before Hon. A. H. ALSTON.

Robert Taylor was convicted of burglary and he appeals. Reversed and remanded.

SILBERMAN & HOSKINS, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.— (1, 2) The first count in the indictment charges burglary and grand larceny, and the ownership of the building alleged to have been burglarized and the property stolen is laid in William R. McClure. The evidence offered by the state tended to show that the store of the Ensley Loan Company was burglarized, and several watches and some jewelry stolen therefrom. The state's witness McClure on his direct examination testified that the Ensley Loan Company was a partnership of which he was a member. It was clearly the right of the defendant to cross-examine this witness as to whether the Ensley Loan Company was a partnership, and to show by such cross-examination that the witness was not a member of the firm, and nothing more than an employee of the firm. The course of such cross-examination, if successful, not only tended to impeach the credibility of the witness, but tended to destroy the state's case, or at least increase the state's burden to showing that the witness had such custody of the property as would sustain the averments of ownership. If, in fact, the Ensley Loan Company was a partnership, and McClure was one of the partners, the ownership of the property was properly laid in him, and by proof of these facts the averments of the indictment as to the ownership of the property would be sustained.—Code 1907, § 7147; *Smith v. State,* 133 Ala. 145, 31 South. 806, 91 Am. St. Rep. 21. On the other hand, if McClure was not a member of the firm, but was a mere employee without possession or custody of the property, the defendant was entitled to show this to undermine the state's case; and proof that he was a mere employee would have the effect to increase the burden on the state to show that, as said employee, he had possession of the property.—*Adams v. State,* 13 Ala. App. 330, 69 South. 357. The act of locking the building might be the mere act of a servant whose custody was that of the master.— *Adams v. State, supra.*

(3) It was likewise the right of the defendant on cross-examination to show the cost of the property alleged to have been stolen. The witness had testified on the direct examination as to the market value of the property; and, while the market value, and not the original cost of the property, was the correct criterion of value, the question was ultimately one for the jury, and the original cost of the property was pertinent to the question, and permissible to be shown on cross-examination.

(4) It was permissible for the witness to state that the watch exhibited in court "looked like the watch defendant had in his possession."—*Mayberry v. State,* 107 Ala. 64, 18 South. 219.

(5) The names "McClure" and "McLure" are idem sonans.— *Oliveri v. State,* 13 Ala. App. 348, 69 South. 359; *Weyms v. State,* 13 Ala. App. 397, 69 South. 310.

(6, 7) The right of a defendant in a civil case to be heard on motion to exclude all the evidence of the plaintiff after the plaintiff has rested and before the defendant has offered any evidence is denied by the Supreme Court in *Mobile Light & R. Co. v. Portiss,* 195 Ala. 320, 70 South. 136, and *McCay v. Sharpe,* 188 Ala. 375, 66 South. 441. The ground upon which these rulings are rested is that in civil cases the defendant is accorded the right by statute to demur to the evidence, and in this way may test the sufficiency of the evidence to sustain the plaintiff's case, or may rest on the planitiff's evidence and move for the affirmative charge in his favor. In criminal cases the defendant may not demur to the evidence except by consent of the state, and the practice of demurring to the evidence at all in criminal cases is condemned by the Supreme Court.—*Martin v. State,* 62 Ala. 240. On the other hand, the practice of entertaining a motion to exclude all the evidence offered by the state and discharge the defendant as a test of its sufficiency to sustain the indictment has been expressly approved by the Supreme Court and this court in *Randolph v. State,* 100 Ala. 139, 14 South. 792; *Oldacre v. State,* 5 Ala. App. 187, 59 South. 715. And on these authorities we hold that the court erred in refusing to allow defendant's counsel to state his motion and in compelling him to resume his seat. The right to be heard by counsel is a right secured by the Constitution.—*Chandler v. State,* 12 Ala. App. 287, 68 South. 536; *Brand v. State,* 13 Ala. App. 390, 69 South. 379.

(8) The maximum penalty for the offense with which the defendant was charged and of which he was convicted is penal

servitude in the penitentiary for a term of 20 years; the sentence pronounced against him was 4 years. While the evidence offered by the state tended to identify the defendant as the person who committed the burglary, it was not conclusive to this end, and he offered some evidence tending to show that he was not guilty.

While we recognize the rule that the limitation of argument to the jury is a matter necessarily within the sound discretion of the court, yet such discretion must be reasonably exercised so as not to deny the constitutional right of the accused to present his case to the jury, and we hold that the action of the court in limiting the argument in a case of this character to five minutes is, in effect, a denial of the right of argument, and was such an abuse of the discretion as compels a reversal of the judgment.

Reversed and remanded.