# Britton v. The State.

### Larceny.

(Decided March 23, 1917. 74 South. 721.)

1. **Criminal Law; New Trial; Presentation.**—Under § 2846, as amended, Acts 1911, p. 198, and again amended Acts 1915, p. 722, it is essential to a review of a ruling on motion for new trial in a criminal case that an exception be reserved, and that such exception with the evidence and the ruling on the motion be incorporated in the bill of exceptions; Acts 1915, p. 598, not applying to motions for new trial.

2. **Evidence; Venue; Motion to Exclude.**—A motion made by a defendant after the state had offered the evidence in chief and had rested, to exclude the evidence on the ground that venue had not been proven, was timely and appropriate.

3. **Indictment and Information; Venue; Proof; Necessity.**—Under the provisions of § 7140, proof of venue is jurisdictional, and without such proof a conviction cannot be sustained.

4. **Criminal Law; Venue; Jury Question.**—Venue may be proven by circumstantial evidence, and where the evidence tends to show the commission of the crime within the jurisdiction of the court, venue becomes a question of fact for the jury.

5. **Appeal and Error; Curing Error; Evidence.**—If there was error in the action of the court in overruling motion to exclude the state's evidence because venue had not been proven, such error was cured by subsequent evidence establishing venue.

6. **Criminal Law; Venue; Jury Question.**—Under § 7229, Code 1907, a question whether or not the animal was stolen within the jurisdiction of the county of the court trying the cause, was a question for the jury, where the

[Britton v. The State.]

evidence was conflicting as to the identity of the animal taken in charge at a certain place with the animal stolen, and the undisputed evidence showed that such place was within a quarter of a mile of the county line.

7. **Same.**—The court properly refused to direct a verdict where the evidence was conflicting as to the identity of the steer "roped" at defendant's home, a place within a quarter of a mile from the county line.

8. **Evidence; Accomplices; Conversation with.**—Where there was evidence tending to show that one jointly indicted with defendant was an accomplice in the larceny, it was proper to admit evidence showing repeated efforts by defendant to see such other person, and the conversations between lthem; such conversations being in the nature a confession tending to inculpate defendant, and being prima facie voluntary, and also in the nature of an effort by defendant to manufacture exculpatory evidence, and to suppress the truth.

9. **Charge of Court; Abstract.**—The mere statement of an abstract proposition of law to the jury is not grounds for reversal.

APPEAL from Washington Circuit Court.

Heard before Hon. BEN D. TURNER.

Daniel F. Britton was convicted of the larceny of a steer, and he appeals. Affirmed.

After conviction and judgment, defendant moved the court to set aside the verdict and grant defendant a new trial on the usual ground, and on the ground that defendant was entitled to the affirmative chrage, and there was no proof of venue sufficient to carry the case to the jury, and on the further ground that both defendant and Arthur Wright were jointly indicted for this offense, but were granted a severance, and were tried separately, and that the jury which tried Arthur Wright made up most, if not all, the panel to which defendant's case was submitted, and that they were not in position to try the case impartially and fairly, as they were and would be naturally prejudiced and influenced by the testimony they had heard in the other case, etc. The motion was overruled by the court, and no exceptions seem to have been then and there taken to the action of the court, nor does it appear in the record that any evidence was offered in support of the motion. The excerpt from the oral charge excepted to is as follows:

Then there is testimony as to a conversation had with Arthur Wright. I charge you that, if you believe that Arthur Wright was one of the interested parties in this case, and if you believe from the evidence that Arthur Wright had been called before the grand jury to give evidence in this case, and if you believe this defendant knew that Arthur Wright could do him detriment in

[Britton v. The State.]

his testimony, and if you believe that his talk with Arthur Wright was to conceal the truth, then that is a circumstance that you may consider against him. But I charge you that, unless you find that his desire or action was to conceal the truth, a mere conversation with the witness who had been before the grand jury would not bear on the guilt or innocence in this case.

ARMBRECHT, MCMILLAN & CAFFEY, for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

BROWN, P. J.—Section 2846 of the Code of 1907, as amended by the act approved April 5, 1911 (Acts 1911, p. 198), was again amended by an act approved September 22, 1915, and as thus amended reads:

"Whenever a motion for a new trial shall be granted or refused by the circuit or city court or county court of law and equity, or probate court, in any civil or criminal case at law, either party in a civil case or the defendant in a criminal case may except to the decision of the court and shall reduce to writing the substance of the evidence in the case, and also the decision of the court on the motion and the evidence taken in support of the motion and the decision of the court shall be included in the bill of exceptions which shall be a part of the record in the cause, and the appellant may assign for error that the court below improperly granted or refused to grant a new trial, and the appellate court shall have power to grant new trials, or to correct an error of the circuit court," etc.—Acts 1915, p. 722.

(1) It is manifest from the provisions of this statute that it is essential to the right to review the ruling of the trial court on a motion for new trial that an exception should be reserved, and that this, with the evidence and the ruling of the trial court on the motion, should be incorporated in the bill of exceptions, and that the act approved September 18, 1915 (Acts 1915, p. 598), does not apply to motions for new trial.—*Mitchell v. State, infra*, 109, 72 South. 507.

The act amendatory of this section of the Code was passed subsequent to the act of September 18th, and to give the act amending the Code any other construction would be contrary to the legislative will as expressed in this statute. It does not appear from the record in this case that an exception was reserved

[Britton v. The State.]

to the ruling of the trial court on the motion for new trial, nor is the motion or decision of the court shown by the bill of exceptions, and hence cannot be reviewed.

(2) After the prosecution had offered the evidence in chief and rested, the defendant made a motion to exclude the evidence on the ground, among others, that the venue had not been proven. This motion was appropriate and timely and presents the question sought to be raised.—*Taylor v. State, infra*, 72 South. 557; *Randolph v. State*, 100 Ala. 139, 14 South. 792.

(3, 4) Proof of venue is jurisdictional and without such proof a conviction cannot be sustained.—Code 1907, § 7140; *Randolph v. State, supra*. While proof of venue is essential to a conviction, it, like any other fact in the case, may be established by circumstantial evidence; and when the state offers evidence tending to show that the crime was committed within the jurisdiction of the court, the question becomes one for the jury.—*Pounds v. State, infra*, 223, 73 South. 127; *Powell v. State*, 5 Ala. App. 75, 59 South. 530.

(5) And, though it be conceded that no such evidence was offered by the prosecution in chief, and that the motion was erroneously overruled, injury resulting therefrom was averted by the evidence subsequently offered. The state's witness W. J. Britton testified that: "Witness lived about a quarter of a mile from Dan Britton. Mr. McRae's home and witness' home is in Washington county and Dan Britton's home is in Choctaw county, just across the line. The steer ranged in Choctaw and Washington counties."

(6) The defendant's witness Walter Britton testified that the defendant and Wright "roped the steers" at defendant's house on the morning they were carried to Wainsboro, and, while this witness testified that the Christopher steer was not one of the three carried to Wainsboro, the witness Ben Stone testified that one of the steers being driven by defendant and Wright on the road to Wainsboro was the "Mary steer" belonging to Clements and Christopher; so it was for the jury to say whether one of the steers "roped" at defendant's house was the steer in question, and the evidence shows without dispute that defendant's house was within one-quarter of a mile of the Washington and Choctaw county line, and hence within the jurisdiction of the court.—Code 1907, § 7229; *Granberry v. State*, 184 Ala. 5, 63 South. 975; *Taylor v. State*, 131 Ala. 36, 31 South. 371.

[Gilbreath v. The State.]

(7) This evidence also justified the refusal of the affirmative charge.

(8) There was evidence tending to show that Arthur Wright was an accomplice of the defendant in the crime for which the defendant was on trial. In connection with this evidence it was permissible for the state to show that defendant had made repeated efforts to see Wright while he was confined in jail, and the conversation between them when defendant was allowed to see him and talk to him. This conversation was in the nature of a confession, and tends to inculpate the defendant, and was prima facie voluntary.—*Cauley v. State,* 14 Ala. App. 133, 72 South. 271; *Patton v. State,* 197 Ala. 180, 72 South. 401. It also has some tendency toward an effort on the part of the accused to manufacture exculpatory evidence and to suppress the truth.— *Smith v. State,* 183 Ala. 10, 62 South. 864; *Piano v. State,* 161 Ala. 88, 49 South. 803.

(9) The excerpt from the oral charge was not entirely abstract. As we have said, the evidence tended to show that Wright was defendant's accomplice, and the conversation between them was with reference to Wright's testimony before the grand jury and defendant's indictment. Moreover, the statement of an abstract proposition of law to the jury would not constitute reversible error.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.