(75 South. 633)

WALLACE v. STATE. (6 Div. 123.)

(Court of Appeals of Alabama. May 8, 1917.)

1. VAGRANCY ⬤⟲3—BURDEN OF PROOF.
Under Code 1907, § 7845, that one accused of vagrancy has property sufficient for his support, or some means of making an honest livelihood, is defensive matter, and the burden of proof rests on defendant.
[Ed. Note.—For other cases, see Vagrancy, Cent. Dig. § 3.]

2. VAGRANCY ⬤⟲3 — SUFFICIENCY OF EVIDENCE.
Undisputed evidence that defendant conducted a refreshment and bootblacking stand, employing several men, and was always seen near his place of business, or between there and his home, does not sustain a vagrancy conviction under Code 1907, § 7843, subds. 1–3, 13, making lack of means to earn an honest livelihood an essential element of vagrancy.
[Ed. Note.—For other cases, see Vagrancy, Cent. Dig. § 3.]

3. CRIMINAL LAW ⬤⟲752 — MOTION TO EXCLUDE.
In criminal cases a motion to exclude the evidence is proper where the state has not made a prima facie case.
[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1725, 1726.]

4. CRIMINAL LAW ⬤⟲722(3) — ARGUMENT — MATTER NOT SUSTAINED BY PROOF.
In a vagrancy case overruling defendant's objection to the prosecuting solicitor's argument that defendant associated with certain negroes, who robbed and killed, and that defendant got the proceeds of such crimes, is erroneous, where such charges were unsupported by evidence.
[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1674.]

Appeal from Criminal Court, Jefferson County; A. H. Alston, Judge.

J. C. Wallace was convicted of vagrancy, and appeals. Reversed and remanded.

Smith & Wilkinson, of Birmingham, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was indicted, tried, and convicted under an indictment charging him with being a vagrant. From the judgment of conviction he appeals, and insists that the court erred in several instances upon its rulings on the evidence, and in overruling the motion of the defendant to exclude the evidence of the state on the ground that the proof was not sufficient to make out a prima facie case. It is also insisted that the court erred in overruling the defendant's objection to certain parts of the argument of the solicitor, and further that the court erred in overruling objection of the defendant to a portion of its oral charge, and also in refusing certain written charges requested by defendant.

The rulings of the court complained of, and to which exceptions were reserved, relative to the admission and exclusion of the evidence in this case, do not appear to be free from error prejudicial to the substantial rights of the defendant. Koch v. State, 115 Ala. 99, 22 South. 471; Brown v. State, 9 Ala. App. 15, 64 South. 170. However, as the case must necessarily be reversed on other propositions, it is not deemed necessary or essential to discuss in detail the several rulings of the court on these questions.

[1] "Vagrancy" is defined by statute. Code 1907, § 7843. In the instant case it is evident from the proof offered by the state that a conviction was sought under subdivisions 1, 2, 3, and 13 of said section 7843, supra, which are as follows:

"(1) Any person who wanders or strolls about in idleness, or lives in idleness, who is able to work, and has no property sufficient for his support.

"(2) Any person leading an idle, immoral, or profligate life, who has no property sufficient for his support, and who is able to work, and does not work.

"(3) Any able-bodied person having no property sufficient for his support, who loafs, loiters, or idles in any city, town, or village, or upon a public highway, or about a steamboat landing, or a railroad station, or any other public place in this state, or any place where intoxicating liquor is sold, without any regular employment. * * *

"(13) Any person over the age of twenty-one years, able to work, and who does not work, and has no property sufficient for his support, and has not some means of a fair, honest, and reputable livelihood, is a vagrant."

It will be seen that under each of the subdivisions supra a conviction can only be had in instances where the proof shows that the defendant has no property sufficient for his support, or has not some means of a fair, honest, and reputable livelihood. Under the statute, however (Code 1907, § 7845), this is a defensive matter, and the burden of proof rests upon the defendant, and not upon the state, to establish the fact that the defendant has property sufficient for his support, or means of a fair, honest, and reputable

livelihood, which, under a proper construction of this statute, means the same thing.

[2] In the instant case it would appear that the evidence offered by the state, and upon which it relied for a conviction, also disclosed the fact, which was undisputed throughout the whole trial, that the defendant had and owned and conducted all during the period of time covered by the indictment a place of business in the city of Birmingham in which he regularly employed two to four men; that said business was conducted under a license duly granted the defendant by the city, and consisted of a soft drink stand and also a bootblack stand; and that the defendant was always seen near or at his place of business, or going to or coming from his home, which was near by. Certainly it cannot be insisted that this character of business does not afford a means of a fair, honest, and reputable livelihood, and, if it does, there can be no conviction under either of the subdivisions supra if the evidence before the jury, whether brought out by the state or by the defendant, is without conflict on the proposition and discloses the undisputed fact, as in this case, that the defendant did own and conduct a business of this character. Furthermore, it does not appear from any of the evidence offered by the state that the defendant was able to work or that he was an able-bodied person; the evidence seems to be absolutely silent on this proposition, and before a prima facie case can be made out this material fact, like any other material fact, must be proven to the satisfaction of the jury beyond a reasonable doubt. Hence it follows that the court erred in not granting the motion made by the defendant at the close of the state's case to exclude the testimony on the ground that the state had failed to make out a prima facie case as required by law. The motion was timely, and under the evidence in this case it should have been granted.

[3] It is well settled in this state that a motion to exclude the evidence in a civil case is improper, but, instead, should be taken advantage of by requesting the general charge in writing; but in criminal cases it is proper to make a motion to exclude the evidence where the proof shows that the state has failed to make out a prima facie case, and the practice of entertaining a motion to exclude all the evidence offered by the state and discharge the defendant as a test of its sufficiency to sustain the indictment has been expressly approved by the Supreme Court and this court in Taylor v. State, 72 South. 557;[1] Randolph v. State, 100 Ala. 139, 14 South. 792; Oldacre v. State, 5 Ala. App. 187, 59 South. 715.

[4] The next insistence of error relates to the overruling by the court of the defendant's objection to the argument of the solicitor. The portion of the solicitor's argument complained of is as follows:

"The defendant Wallace associated with men like Abe Seigel, Frank Moragne, Jim Brannon, and negroes like these rob and kill, and a man like defendant runs the game and gets the money."

A careful examination of the entire evidence in this case fails to disclose any fact or circumstance upon which this argument could properly be predicated. The names of no such parties as Abe Seigel, Frank Moragne, and Jim Brannon were mentioned in the testimony of any witness in this case, either in behalf of the state or the defendant. The testimony also fails to show that "negroes like these rob and kill," and neither does the testimony show that the defendant "runs the game and gets the money." This argument on the part of the solicitor appears to be a statement of fact which had no connection with this case, and was therefore wholly unauthorized and improper, and was calculated to be very prejudicial to the defendant. The objection thereto was well taken, and should have been sustained, and the court erred in overruling the objection. Dollar v. State, 99 Ala. 236, 13 South. 575.

That portion of the oral charge of the court complained of, and also the refusal of the written charges 1, 2, and 3 requested by the defendant, need not here be considered; as the same propositions are not likely to arise on another trial.

For the errors pointed out, the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.