(134 So. 30)

## SATTERFIELD v. STATE.
### 7 Div. 747.

Court. of Appeals of Alabama.
April 14, 1931.

J. A. Johnson, of Ft. Payne, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

### BRICKEN, P. J.

From a judgment of conviction for the offense of forgery in the second degree this appeal was taken. At the conclusion of the state's case a motion was made to exclude the evidence and discharge the defendant on the grounds that the state had failed to meet the burden of proof resting upon it, and that the evidence adduced was insufficient to au-thorize a conviction of the accused for the offense charged in the indictment.

The practice of entertaining a motion to exclude all the evidence offered by the state and discharge the defendant as a test of its sufficiency to sustain the indictment has been expressly approved by the appellate courts of this state in the. following cases: Randolph v. State, 100 Ala. 139, 14 So. 792.; Oldacre v. State, 5 Ala. App. 187, 59 So. 715; Taylor v. State, 15 Ala. App. 72, 72 So. 557; Britton v. State, 15 Ala. App. 584, 74 So. 721; Wallace v. State, 16 Ala. App. 85, 75 So. 633, 634. In the Wallace Case this court said: "It is well settled in this state that a motion to exclude the evidence in a civil case is improper, but, instead, should be taken advantage of by requesting the general charge in writing; but in criminal cases it is proper to make a motion to exclude the evidence where the proof shows that the state has failed to make out a prima facie case, and the practice of entertaining a motion to exclude all the evidence offered by the state and discharge the defendant as a test of its sufficiency to sustain the indictment has been* expressly approved by the Supreme Court and this court."

An indictment is a formal charge preferred by a legally organized grand jury. It is never to be taken or construed as evidence against the person charged therein. In order to properly secure a conviction the state must offer legal evidence, under the required rule as to measure of proof, to sustain the material averments of the indictment, and, failing in this, no conviction can be had. In this case it does not appear from the record that there was any evidence tending to prove the material averments of the indictment upon which this appellant was being tried. The alleged forged instrument was not introduced in evidence and does not appear anywhere in the record, except in the indictment itself. In this connection we note, from the record, the following occurred on cross-examination of state witness Field, he stated: "Arrington sued Satterfield for a little balance due of $32.00 and on the trial the defendant came up and did not have the deed, someone went after the deed and brought it to court and handed it to me, but I do not think it was the defendant, as he did not hand it to me." The defendant here makes the following motion: "The defendant moves the court to exclude all the testimony of this witness with reference to the deed the Solicitor handed him because that was not the deed set out in the indictment and the paper alleged to have been forged, this paper was attached to the indictment, and it was never shown to the witness, he has not looked at it and he did not testify about this deed or instrument attached to the

258

indictment, he testified to a different deed which he looked at and we move to exclude the testimony." The court stated: "Overruled * * * it is a copy of deed attached to indictment." "Solicitor states, now we offer the deed I showed to Mr. Fields. The court: All right." From this it affirmatively appears that the only effort upon the part of the state to sustain the material allegation of the alleged forged instrument, the basis of this prosecution, was by merely offering in evidence an unauthenticated copy of the instrument, and which, according to the foregoing insistence, was a different deed entirely. This will not suffice, and, as the record appears, no evidence was offered by the state to prove the contents of the alleged forged instrument. Moreover, there was no evidence offered by the state showing or tending to show that this appellant actually forged the instrument in question or procured it to be done; and there is a total lack of any evidence tending to show that this appellant did utter and publish as true the said alleged forged instrument. To the contrary, from the evidence of the state witnesses, it affirmatively appears he did not do so, and, so far as the state's case is concerned, it was not shown that this appellant was ever in the actual possession of the deed in question. The state, therefore, failed to make out its case in accordance with the required rules of practice. The motion to exclude the evidence, made at the conclusion of the state's case, should have been granted, and the action of the court in overruling said motion was error to a reversal. Other rulings of the court to which exceptions were reserved appear of very doubtful propriety, but from what has been said there is no necessity to discuss these questions. The defendant was entitled to his discharge, and the court erred in ruling to the contrary.

Reversed and remanded.