So. 888

## McKEE v. STATE.

### 4 Div. 68.

Court of Appeals of Alabama.
June 27, 1934.

J. N. Mullins, of Dothan, for appellant.

Thos. E. Knight, Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of obtaining personal property, in value more than $25, by "false pretense." Code 1923, §§ 4131, 4905.

The indictment followed the form prescribed by the Code, and was not subject to demurrer. Code 1923, §§ 4556(58), 4527. The fact that in each count several matters were alleged as false pretenses, the falsity of some of which constituted "false pretense" within the statute, and of others of which did not, is no cause, it seems—even if appellant's demurrers had taken the point—to hold otherwise than we have just announced, as to the indictment not being defective. 11 R. C. L. 858, § 41. The averments as to those (pretenses) not within the statute will be treated as surplusage, unless they are descriptive averments (Ib.; Addington v. State, 16 Ala. App. 10, 74 So. 846, 851); the law being that "where an indictment for obtaining money (or property) under false pretenses alleges several separate pretenses, proof of any one of the (material) pretenses alleged is sufficient to support a conviction." Ib.; 11 R. C. L. 863, § 46.

In the instant case it was alleged in the first count of the indictment—the other (and only other) being similar, except for the obtaining of a different amount—that appellant, jointly with another, not on trial (Char-

ley v. State, 204 Ala. 687, 87 So. 177), did falsely pretend to B. H. Baker, with intent to defraud, "that certain lots of land which they then and there sold to the said B. H. Baker, were high and dry and that they were situated in what they termed Gulf View subdivision of Hudson Florida and that said subdivision had a one hundred and forty-five acre frontage on the Gulf; that said subdivision was within a stones throw of the world's largest sponge fishery and was in or immediately adjoining the town of Hudson Florida and that said town of Hudson was a town of from five hundred to seven hundred people; that said subdivision had been surveyed and platted and the plat recorded in the office of the Clerk of the Circuit Court of Pasco County at Dade City Florida and also in the Probate office of Montgomery County Alabama; that F. G. Salter and H. F. Lee were members of the Salter-McKee Development Company, and by means of such false pretense, obtained from the said B. H. Baker a check of the value of six hundred dollars."

A careful examination of the testimony offered on behalf of the state—none being offered by appellant—leads us to conclude that there was evidence of a "substantial" nature (Ex parte Grimmett [Ala. Sup.] 152 So. 263 [1]), though we confess it seems to us not much more than a "scintilla" (Grimmett v. State [Ala. App.] 152 So. 262 [2]), supporting at least one, if not more, of the apparently *material* allegations (pretenses) of the indictment. So we would not say that it was error to refuse to give to the jury appellant's written, requested, general affirmative charge to find in his favor; and, the testimony being *undisputed*, we hesitate to say that his motion to set aside the verdict and grant him a new trial should have been granted. (We say "hesitate to say," because were it not for the fact that the judgment of conviction must be reversed on other grounds, we would enter more intensely upon the process of weighing its slight supporting testimony in the light of such analysis as we could make of the holding by the Supreme Court in Ex parte Grimmett, supra. And this, despite the fact that the same is without dispute. Ib.

But errors are apparent.

In the first place, three photographs, marked Exhibits B, C, and D, showing beautiful tropic, or semitropic, views, were allowed, over appellant's objection and exception, to be introduced in evidence. These were not shown to have any connection whatever with any allegation contained in the indict-

ment; and, in the face of the utterly immaterial, though admitted without objection, testimony by the witness Baker (who complained of being defrauded) that he had "never received a deed to the property he bought," and in the face of the fact which we believe we may judicially know (everybody else does) that the transaction occurred during a period of wild, frantic, speculation on the part of a lot of Alabama people in Florida "lots," we are persuaded, and hold, that the admission of these photographs in evidence was prejudicial to appellant. They vivified to the jury what Baker "didn't get," though in a way that was immaterial to the charge on which appellant was on trial. Their admission was error.

■ In the next place we think, and hold, that it was prejudicial error to overrule appellant's objection to the question to the witness Baker, to wit: "Well, tell the jury what, if anything, this defendant told you concerning any Florida real estate at that time?" The time referred to was the occasion of the purchase by Baker of the "certain lots"—definitely described in the testimony—mentioned in the indictment.

It is our view that only the "pretenses" alleged in the indictment (and *material* pretenses, at that) ,could be, properly, the subject of testimony; and that whatever appellant might have said to the witness about "*any* Florida real estate"—not confined to that referred to in the charges in the indictment—was immaterial and irrelevant.

■■ A mere false promise of something to be done in the future is, admittedly, *not* a "false pretense" within the contemplation of the statute (Code 1923, § 413J, supra). Addington v. State, supra (opinion by Judge Brown, and authorities cited therein). Hence it was error, and plainly prejudicial, to overrule appellant's motion to exclude the following portion of the testimony of the witness Baker, to wit: "Mr. McKee told me * * * that they would lay out the lots and build paved streets over this property."

■ The witness Beatty, on direct examination by the solicitor, stated that he *knew* "the property they were selling"—meaning that they (appellant and another) sold Baker at the time the false pretenses alleged in the indictment were made.

On cross-examination he was asked by appellant "How did you know it?" And he answered: "Mr. Hudson was born and reared there and he told me so and I went all around it."

This developed to be his only means of "knowing" the property in question. In fact, in *one* place, he admits that he *did not* know the property.

We are of the opinion, and hold, that this witness' testimony, undertaking to describe the property, should have been excluded on appellant's proper motion, as for that it was based entirely on hearsay. Brigman v. State, 8 Ala. App. 400, 62 So. 980; Davis v. Arnold, 143 Ala. 228, 39 So. 141.

■ The learned trial judge's comment, in overruling appellant's motion to exclude the said testimony, to wit, "No, you called for it," is inapt; for the rule is that "when a witness gives testimony as of his own knowledge, and upon cross-examination it develops to be mere hearsay, it should then be excluded"—upon proper motion, as here, of course. Davis v. Arnold, supra.

■ It seems useless, but we remark that if, on cross-examination the witness admits he *does not* "know what he has testified to (knowing) on direct examination," *this* is sufficient reason for excluding his said testimony.

■ There was no allegation in the indictment that appellant had falsely pretended that any streets were laid off in the subdivision containing the lots alleged to have been sold to the witness Baker. It was therefore irrelevant and immaterial as to whether or not such streets *were* laid off at the time. The court erred to the prejudice of appellant in overruling his objection to the question to the witness Warren calling for information as to this matter.

■ The proof offered should always be confined to the charges made. It was therefore error to allow the witness Warren, over appellant's objection and exception, to "describe the condition of the land there," without relating the description given directly to the lots alleged to have been sold to the witness Baker. It is, we believe, everywhere known that near the sea coast (Gulf Coast), in a given plat of land, a part may be low and marshy, and another part, not far removed, firm, dry, and highly desirable. So, unless a witness is confined to the very land involved, he may, in a prosecution of this kind, work great harm to a defendant—perhaps innocent of any misrepresentation—by being allowed to give in evidence, loosely, a description of land nearby, but different from, the lands actually represented and sold.

■ It is too clear to require the citation of authority that a map or plat of land must

be authenticated by one having knowledge—not hearsay information—of its correctness, before it is admissible in evidence. A number of rulings on the taking of testimony were not in accord with this principle, and hence erroneous. We do not specify them, because they are obvious, and will not occur on another trial.

Likewise, while we do not mean to approve all other rulings to which exceptions were reserved, we are of the opinion that in the light of what we have said hereinabove they will probably, where erroneous, not occur again. So we do not treat them further.

Stripped of all but legally admissible testimony, the state's case was, indeed, as appears, but rather meagerly made out. But for the reasons hereinabove, near the beginning of this opinion, stated, we do not now see fit to pass upon the weight of the evidence.

For the errors pointed out the judgment is reversed, and the cause remanded.

Reversed and remanded.

