195 So. 561

## FITTS v. STATE.

### 6 Div. 439.

Court of Appeals of Alabama.

April 16, 1940.

Beddow, Ray & Jones and J. Howard Perdue, Jr., all of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., and Geo. Lewis Bailes, Circuit Sol., and Burgin Hawkins, Deputy Circuit Sol., both of Birmingham, for the State.

BRICKEN, Presiding Judge.

In the court below, the defendant, appellant here, was tried upon a complaint, filed by the Solicitor, wherein he was charged with the offense of violating Section 4247 of the Code 1923, the title to said section being: "Carrying on or representing lottery; selling tickets in same."

The record discloses the circuit court acquired jurisdiction on appeal from the Jefferson county court of misdemeanors.

In the circuit court, the case was tried by the court without a jury; the trial resulted in the conviction of the defendant, from the judgment of which this appeal was taken.

Pending the trial innumerable objections were interposed, and exceptions reserved; an examination and consideration of which discloses that the trial below was replete with redundant error. The large portion of the evidence allowed, over objection and exception of defendant, was hearsay, pure and simple. It is the law, as insisted by counsel for appellant, that "the same rule of evidence applies in cases involving a violation of the lottery law in its several phases as it does in all other criminal cases and there should be no distinction in an application of these rules for the reason the accused is charged with an offense of this character." The firmly established rule in criminal cases is that every person accused of crime is presumed to be innocent, and this presumption attends the accused until his guilt has been legally proven; and in order to legally prove the guilt of any person accused of crime the burden rests upon the State to offer that measure of proof which the law requires to satisfy the jury beyond a reasonable doubt and to a moral certainty, after a consideration of all the evidence, that the defendant is guilty. It has been likewise firmly established that evidence which merely gives rise to a surmise, conjecture or suspicion as to the guilt of defendant will not suffice to sustain a judgment of conviction in any criminal prosecution. Guin v. State, 19 Ala.App. 67, 94 So. 788; Alabama Digest, Criminal Law, ☞308, 560, 561(1).

In our recent case, Reynolds v. State, Ala.App., 193 So. 192, 193,[1] this court, through the lamented Judge Samford, said: "There is no sufficient evidence connecting this defendant with the commission of the offense which would authorize a conviction. There nòt being sufficient evidence to sustain a conviction, the judgment is reversed and the cause is remanded."

We are advised by counsel for the State, that: "The facts in this case (case at bar) are practically identical with the facts in the Winston Reynolds v. State of Alabama, case submitted at this term of court." In connection with the foregoing we have examined the record and testimony in the Reynolds case and find that the two cases grew out of the same alleged transaction, and that in practically every respect are identical.

The motion of defendant to exclude the evidence was predicated upon amply sufficient grounds. The court should have promptly granted the motion and discharged the defendant, and the failure of the court so to do was error to a reversal.

Under authority of the Reynolds case, supra, and also from what has hereinabove been stated, it is the order of this court that the judgment of conviction from which this appeal was taken be reversed.

The trial court having failed to render proper judgment, under the provisions of the Statute, Section 8599, Code 1923, a judgment is here rendered discharging the defendant from further custody in this proceedings.

Reversed and rendered.

