2 So.2d 316

### ARNOLD v. STATE.
### I Div. 367.

Court of Appeals of Alabama.
March 4, 1941.

Rehearing Denied March 25, 1941.

Bart B. Chamberlain, Jr., of Mobile, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

**BRICKEN, Presiding Judge.**

In the court below this appellant (defendant) was, by consent of parties, tried upon the original affidavit, wherein he was charged with the offense that "he did set up, carry on, or was concerned in setting up or carrying on a lottery," etc., in violation of Section 4247, Code of Alabama 1923. The said original affidavit was sworn to and subscribed by one Frank B. Schottgen, and upon his testimony solely the conviction of the accused, in the circuit court, was rested.

Pending the trial, in the court below, innumerable objections were interposed upon the admission of evidence, and, in practically every instance, the objections were overruled by the trial court, to which exceptions, in each instance, were duly and legally reserved by defendant. At the close of the State's case, the defendant promptly made motion to exclude the evidence upon several grounds and upon the grounds that the State's evidence was insufficient and failed to make a prima facie case; and upon the further grounds that the corpus delicti was not proven. The trial court overruled said motion and defendant duly and legally reserved exceptions to this ruling. As a result of many of the foregoing rulings the court erroneously allowed witness Schottgen, the prosecutor in this case, to testify to facts and circumstances not within his personal knowledge and which was hearsay, pure and simple. This fact is definitely apparent also by the statement of said witness on cross-examination wherein he admitted that the testimony given by him was based upon what other persons had said and told to him, and not upon his own knowledge. Said witness was in no manner an expert, and no successful attempt was made to disclose that he was. There is no rule of evidence or principle of law which permits, or justifies, the conviction of a person of crime, upon the opinion, conclusion or surmise of a witness or witnesses. The law is, in criminal prosecutions, where there is no competent and legal evidence from which the jury could draw an inference of guilt on the part of the defendant of the particular and specific charge against him and upon which he is on trial, it is proper for the trial court to grant a motion of the defendant to exclude all of the evidence.

The practice of entertaining a motion to exclude all the evidence offered by the state and discharge the defendant as a test of its sufficiency to sustain the indictment has been expressly approved by the appellate courts of this state in the following cases: Randolph v. State, 100 Ala. 139, 14 So. 792; Oldacre v. State, 5 Ala.App. 187, 59 So. 715; Taylor v. State, 15 Ala. App. 72, 72 So. 557; Britton v. State, 15 Ala.App. 584, 74 So. 721; Wallace v. State, 16 Ala.App. 85, 75 So. 633, 634. In the Wallace case this court said: "It is well settled in this state that a motion to exclude the evidence in a civil case is improper, but, instead, should be taken advantage of by requesting the general charge in writing; but in criminal cases it is proper to make a motion to exclude the evidence where the proof shows that the state has failed to make out a prima facie case, and the practice of entertaining a motion to exclude all the evidence offered by the state and discharge the defendant as

a test of its sufficiency to sustain the indictment has been expressly approved by the Supreme Court and this court."

■ As stated, the prosecutor Schottgen, on cross-examination admitted that he did not know of his own knowledge the facts testified to by him on direct examination, and where this affirmatively appears, his testimony should be excluded. McKee v. State, 26 Ala.App. 208, 155 So. 888, 891. In said case, our associate Judge Rice, for the court, said: "It seems useless, but we remark that if, on cross-examination the witness admits he does not 'know what he has testified to (knowing) on direct examination,' this is sufficient reason for excluding his said testimony." In Brigman v. State, 8 Ala.App. 400, 62 So. 980, 981, the court said: "Witness' statement on a subject on his direct examination was properly excluded on its appearing, on his cross-examination, that his only information on the subject was what another had told him." Likewise, in the case of Dossett v. State, 19 Ala.App. 496, 98 So. 359, 360, the court held: "Evidence shown by subsequent cross-examination to be incompetent should be excluded." "During the trial of a cause the court can at any time, upon proper motion, exclude illegal testimony. So that when it appeared that the testimony of defendant's witness Keel was hearsay, it was proper for the court to grant the motion of the state to exclude." Cunningham v. State, 22 Ala.App. 583, 118 So. 242, 246.

■ There is a marked distinction between a motion to exclude all the evidence, and a demurrer to the evidence, and the one is not the equivalent of the other. The effect of a demurrer to the evidence is that the defendant admits every inference or deduction the jury could legally make, and which the testimony tends to establish, and the defendant by pursuing this course burdens himself with the rigid technical rules and waives his rights and privileges conferred by the Constitution and the common law. It has been termed a dangerous practice in a criminal case and as a rule does not meet with the approval of the courts.

■■ There was error also in the ruling of the court in allowing testimony of a purported confession by the defendant. It affirmatively appears there was no legal evidence adduced in this case to establish the corpus delicti; it is elementary where this appears to admit evidence of a confession of the defendant is error to a reversal, as the corpus delicti must of course be shown independently of the confession of the accused. McPherson v. State, 239 Ala. 641, 196 So. 741.

■ Any person charged with, or on trial for, a criminal offense is entitled to a fair and impartial trial, for the law is, that no person shall be accused, arrested, detained, or tried, except in the manner and form provided by law. It makes no difference how guilty a person might be, these sacred and valuable constitutional and statutory rights of the citizen cannot be disregarded by trial courts, over the objection of the accused, and such unlawful acts affirmed, on the ground that the citizen was not injured by thus being deprived of his rights. It is difficult to understand how it is possible that a citizen is not injured when he is deprived of such rights. As stated in the case of Patterson v. State, 202 Ala. 65, 68, 79 So. 459, 462: "The guilty, as well as the innocent, have a right to be tried in accordance with the law of the land. The innocent ought not to be punished, and the law does not intend or provide that they shall be punished; and as to the guilty, the law provides that such shall not be punished except in the mode and manner provided by the law."

From what has hereinabove been said, and upon authority of Hallmark v. State, 28 Ala.App. 416, 185 So. 908; Fitts v. State, 29 Ala.App. 323, 195 So. 561; Hallmark v. State, 29 Ala.App. 405, 198 So. 149; the judgment of conviction from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.