2 So.2d 328

### DAVIS v. STATE.
### 1 Div. 377.

Court of Appeals of Alabama.
May 13, 1941.

Bart B. Chamberlain, Jr., of Mobile, for appellant.

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, III, Asst. Atty. Gen., for the State.

---

[1] Ante, p. 115.    [2] 241 Ala. 245.

150

**SIMPSON, Judge.**

Conviction below was for violation of Section 4247, Code 1923, Code 1940, Tit. 14, § 275, entitled "Carrying on or representing lottery; selling tickets in same."

The same situation obtains here as to the testimony of the State's witnesses, James Coker and Fred Olsen, as regards the testimony of the witness Schottgen in the case of Arnold v. State, Ala.App., 2 So.2d 316,[1] certiorari denied by Supreme Court, 2 So.2d 319.[2] Coker and Olsen were permitted, over due objection and exception of the defendant, to describe the lottery in question, what constituted the various phases thereof, the use and purpose of the paraphernalia found in possession of the defendant, what were the duties of the "writer in the lottery set up," etc. Neither of these witnesses was shown by the evidence to be qualified to so testify.

Apt here is the quotation from the Arnold case: "As a result of many of the foregoing rulings the court erroneously allowed witness * * * to testify to facts and circumstances not within his personal knowledge and which was hearsay, pure and simple. This fact is definitely apparent also by the statement of said witness on cross-examination wherein he admitted that the testimony given by him was based upon what other persons had said and told to him, and not upon his own knowledge. Said witness was in no manner an expert, and no successful attempt was made to disclose that he was."

So, upon authority of this latter case, we hold that error prevailed here to the substantial prejudice of the defendant.

The case of Richmond v. State, 28 Ala. App. 562, 564, 189 So. 914, deals with the sufficiency of the evidence necessary to qualify a witness as an expert in cases such as the one here. In no sense did the evidence in the present case meet the test so as to qualify the said two State's witnesses to testify as experts regarding the lottery in question.

We also perceive another vital defect in the case as presented here. Although there appears to have been testimony regarding certain purported lottery tickets or slips found in possession of defendant, yet it nowhere appears that these tickets were ever introduced in evidence or presented to the jury for its inspection, nor are they a part of the record in this case. In this condition of the evidence, the corpus delicti was clearly not established and the defendant was entitled to have his request honored for a directed verdict.

For these errors, we think the case should be retried. The judgment is reversed and the cause remanded.

Reversed and remanded.