# Brown *v.* The State.

*Vagrancy.*

(Decided April 9, 1912. 58 South. 794.)

1. *Vagrancy; Offense.*—A persón must be shown to belong to one of the classes defined by Section 7843, Code 1907, as vagrants in order to support his conviction for vagrancy.

2. *Same; Burden of Proof.*—Under Section 7845, Code 1907, the burden of showing his means is cast upon the defendant only upon a showing by the State of the conditions named in said sections.

3. *Same; Evidence.*—The evidence in this case held insufficient to support a conviction for vagrancy.

APPEAL from Hale Law and Equity Court.

Heard before Hon. CHARLES E. WALLER.

Will Brown was convicted of vagrancy, and he appeals. Reversed and remanded.

R. B. Evins, for appellant. The demurrers to the indictment should have been sustained.—*McGee v. The State,* 115 Ala. 135, and cases there cited. The court should have discharged the prisoner for insufficiency of the evidence.—*Taylor v. The State,* 147 Ala. 132.

R. C. Brickell, Attorney General, and W. L. Martin, Assistant Attorney General, for the State. The indictment followed the Code form, and was, therefore, sufficient.—*Taylor v. The State,* 100 Ala. 142; *Jones v. The State,* 136 Ala. 118; *Coleman v. The State,* 150 Ala. 64. The evidence was sufficient to warrant a conviction. —*Taylor v. The State, supra.*

WALKER, P. J.—Assuming the sufficiency of the indictment in this case because it is in the form prescribed by the Code for an indictment for vagrancy (Code, § 7161, Form 112; *Coleman v. State,* 150 Ala. 64, 43 South. 715), the evidence offered in support of it will be examined.

The indictment was found in April, 1911, and the trial took place in May, 1911. The evidence offered by the prosecution was confined to the defendant's conduct or mode of life in the town of Akron during the months of November and December, 1910. The evidence without conflict showed that he lived there with his family in a house which he rented about the 1st of November, 1910, into which he moved his furniture at that time, and which he was still occupying at the time of the trial, having always promptly paid his rent every Saturday night. The evidence also showed without conflict that during the two months mentioned the defendant from time to time made purchases in the stores of the town, always paying cash for what he bought, and that, as testified by one of the witnesses for the state, "at one time he got Mr. Ramey, who is in my store, to keep in our

safe for him a sum of money, the amount of which I do not know." The only support for the conviction is found in the testimony of several witnesses to the effect that the defendant was an able-bodied man; that during the period mentioned he was seen sitting and walking around Akron for two or three days at a time doing nothing; and that the witnesses did not know of any property that he owned, or of his being engaged in any work. Several of the witnesses stated that sometimes they would not see the defendant in Akron for a week at a time. There was no evidence tending to show what the defendant was doing or failing to do while he was away from Akron, or what proportion of the time he spent in Akron.

The question presented is whether a charge of the statutory offense of vagrancy can be supported by such evidence. To be a vagrant within the meaning of our statute on the subject (Code, § 7843), one must come within one of the 13 classes of persons enumerated by the statute in its description of vagrants. The Legislature seems to have attempted to make that enumeration a classification or catalogue of the vagabonds and harmful parasites of society. It is plain that there was an absence of any evidence tending to show that the defendant belonged to some of the classes of persons mentioned in the statute. There is no room for a claim that the conviction can be sustained unless the conclusion is reached that the evidence tended to show that the defendant was a vagrant within the meaning of one of the following subdivisions or paragraphs of the statute: "(1) Any person who wanders or strolls about in idleness, or lives in idleness, who is able to work, and has no property sufficient for his support. (2) Any person leading an idle, immoral, or profligate life, who has no property sufficient for his support, and who is able to work, and does not work. (3) Any able-bodied person having no property sufficient for his support, who loafs, loiters, or

idles in any city, town, or village, or upon a public high-way, or about a steamboat landing, or a railroad station, or any other public place in this state, or any place where intoxicating liquor is sold, without any regular employment  *  *  *  (13) Any person over the age of twenty-one years, able to work, and who does not work, and has no property sufficient for his support, and has not some means of a fair, honest, and reputable live-lihood, is a vagrant."

In considering the evidence offered in support of a charge under either of these paragraphs of the statute, due effect is to be given to the provision of section 7845 of the Code, which deals with the question of the burden of proof when a feature of the offense for which the defendant is prosecuted is his lack of sufficient means for his honest and reputable maintenance without labor. That provision does not purport to cast upon a defendant who is prosecuted under either of the paragraphs of the statute above quoted the burden of proof to show "that he has sufficient property from which to obtain a support, or sufficient means of maintaining a fair, honest, and reputable livelihood" until the prosecution has first offered evidence tending to prove the existence of all the elements of the offense under one of those paragraphs of the statute other than the defendant's lack of property or means of support. For instance, when the attempt is to convict the defendant under subdivision 1 of the statute, the burden is not cast upon him to prove that he has sufficient property or means for his own support until evidence has been offered tending to prove that he is a person who wanders or strolls about in idleness, or lives in idleness, when he is able to work.

The mere fact that one who lives with his family in his own hired house in a town is in the course of two months seen by several other inhabitants of the place walking or sitting about the town for two or three days

at a time, and was not during that period engaged in any work there, hardly could be said to warrant an inference that he was a person who wanders or strolls about in idleness, or lives in idleness, within the meaning of the statute, when the evidence also indicates that it was not unusual for him during the period in question to be away from the town for as much as a week at a time, and there is an entire absence of evidence as to what proportion of the time he spent elsewhere or as to what he was doing or failing to do during his absences. This state of facts, especially in view of the further fact, also indicated by the evidence, that such person habitually paid in cash for what he got, wholly fails to exclude the inference that he was all along doing all the honest work that his circumstances in life required for the proper maintenance of himself and his family. It does not even exclude the inference that during the entire period in question he was engaged in some regular employment which was such as to afford him occasional opportunities to spend two or three days at a time in idly walking and sitting around the town in which he and his family had their home. There is nothing in the. law to suggest that one may properly by the judgment of a court be classed among the vagrants of society, and be convicted as such, without evidence fairly supporting the conclusion that he comes within one of the statutory descriptions of vagrants. The facts of this case do not call for an attempt to define to what extent one's habit or general course of life must be disclosed by evidence in order to furnish substantial support for a conclusion as to what his mode of life really is. Of the evidence submitted in the trial it is enough to say that it falls short of tending to prove that the defendant was a person who wandered or strolled about in idleness or lived in idleness, within the meaning of paragraph 1 of the statute, or that his mode of life was such as is described

[Trawick v. The State.]

in either of the other above quoted paragraphs of the statute. Manifestly that statute is an attempt to describe a number of classes of persons whose habits of life are such as to make them objectionable members of society, and to subject them to police regulations promotive of the safety or good order of the community in which they are found. Many, if not most, of the criminals come from one or another of the groups of undesirable citizens there mentioned. The penalty denounced against the following of such a mode of life as is there described was not intended to be imposed upon one not fairly shown by evidence to have been guilty of doing so. The statute does not undertake to make it a crime for an able-bodied man occasionally to spend as much as two or three days at a time in idly walking or sitting around the town where he lives. The evidence was not such as to warrant the conviction of the defendant of the crime charged against him. The motion for his discharge, made on the conclusion of the evidence, should have been granted.

Reversed and remanded.