(81 South. 138)

REED v. STATE. (1 Div. 307.)

(Court of Appeals of Alabama. Feb. 11, 1919.)

VAGRANCY ☞1 — ABLE-BODIED PERSON — REGULAR EMPLOYMENT.

In prosecution for vagrancy in violation of Code 1907, § 7843, subd. 3, it must be shown that defendant is an able-bodied person and that he did not have regular employment.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Toney Reed was convicted of being a vagrant under Code 1907, § 7843, subd. 3, and he appeals. Reversed and remanded.

J. W. McAlpine and E. J. Grove, both of Mobile, for appellant.

F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was convicted of being a vagrant, under subdivision 3 of

---

section 7843 of the Code 1907, which provides that—

"Any able-bodied person having no property sufficient for his support, who loafs, loiters, or idles in any city, town, or village, or upon a public highway, or about a steamboat landing, or a railroad station, or any other public place in this state, or any place where intoxicating liquor is sold, without any regular employment," is a vagrant.

On the trial of this case in the circuit court, there was no evidence that the defendant was "an able-bodied person" or that he did not have regular employment.

The Attorney General by brief in this case confesses error in this connection, and concedes that a reversal of the cause should be had.

We are of the opinion that under the authority of Wallace v. State, 75 South. 633,[1] the position taken by the Attorney General is correct, and the judgment of conviction is accordingly reversed, and the cause is remanded.

Reversed and remanded.