(127 So. 791)

## HILL v. STATE.
### 8 Div. 14.

Court of Appeals of Alabama.
Feb. 11, 1930.

Rehearing Denied March 4, 1930.

James C. Roberts, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

**SAMFORD, J.**

The defendant was indicted on the blanket charge of being a vagrant, which embraces the thirteen definitions embraced in section 5571 of the Code of 1923. In order to sustain a conviction, some one of these thirteen definitions must be proven by evidence, beyond a reasonable doubt.

To prove this, it was competent for the state to prove that defendant was seen strolling around the streets of Florence day and night; that she had no known legitimate business; that she was apparently able to work; that she was a young woman under middle age; that she lived alone, and that men, both married and single, went in and out of her house day and night; that she was

a single woman, who, having been married, was living apart from her husband; that on occasions she was seen in possession of prohibited liquors; that she has no known property; that she has not been seen to do any work within the last twelve months; that she was seen at nights and in the day riding around with other women who were of ill repute and prostitutes; that drunken men congregated at defendant's house. The state having offered evidence tending to prove the above, and that the time testified about was within twelve months before the finding of the indictment, a prima facie case was made out, and the burden then rested upon the defendant to rebut the presumption to the extent of raising a reasonable doubt of her guilt. Code 1923, § 5573; Brannon v. State, 16 Ala. App. 259, 76 So. 991.

The above and foregoing dispose of the insistences of error in which there is merit; the other exceptions raise questions so clearly without merit as not to call for discussion.

█ The evidence was in conflict. The jury had the whole case and the parties before them, and we see no reason to disturb the verdict.

There is no error in the record, and the judgment is affirmed.

Affirmed.