185 So. 908

### HALLMARK v. STATE.
### 6 Div. 369.

Court of Appeals of Alabama.
Jan. 17, 1939.

Morel Montgomery, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Effie Crittenden, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The complaint filed by the Solicitor on appeal 'charged the defendant with being a vagrant, and was sufficient to charge the offense denounced by Section 5571 of the Code of 1923. This Section defines "vagrancy" under 13 sub-divisions, which, either separately or all together, constitute the offense denounced by the Statute. Brannon v. State, 16 Ala.App. 259, 76 So. 991.

However, on the trial of this case in the Circuit Court, the State announced its election to prosecute under Sub-Division 6 of the above named Section. The Court in his general charge stated to the Jury: "The State, through its Solicitor, has selected one of these sub-heads, and says that the defendant is charged with vagrancy, and specifically is charged with violating this particular sub-head which reads: 'The following described persons are vagrants: Any person who is a professional gambler.' So, gentlemen of the Jury, the charge here is vagrancy, and specifically that the defendant is a professional gambler."

This action of the Solicitor and Court confines and limits the prosecution to a charge that the defendant was within twelve months before the beginning of the prosecution, and in Jefferson County, a professional gambler.

On the examination of H. C. Propst, one of the principal witnesses for the State, the Solicitor was allowed to ask the witness the following question: "Is he (defendant) a professional gambler?" The overruling of defendant's objection to this question is so clearly error as not to require citation of authority. The question called for a conclusion of the witness as to the very issue, and the sole issue, involved in the prosecution. It was as if the Solicitor had said to the witness, this man is charged with being a professional gambler, is he guilty? The mere stating of the question reveals the error.

In answer to the above question, the witness answered: "He has been in the lottery racket." If this is to be taken as an answer to the above question, it, too, is a conclusion of the witness to which he may not testify over the objection of the defendant. The refusal of the Court to exclude this answer constituted error.

As tending to prove the charge in this case it was relevant to introduce testimony showing, or tending to show, that the defendant had no legitimate employment, and that he associated with professional gamblers and persons of immoral habits. Brannon v. State, supra.

This witness, Propst, was also allowed to testify, over the objection and exception of defendant, that the defendant was "In the Lottery Business, the Policy Racket." This, too, was a conclusion of the witness to which he could not testify. The question as to whether or not a transaction, or a series of transactions, is a lottery, is dependent upon the facts surrounding the transaction; and, frequently, is an intricate proposition of law to be decided by the courts upon the evidence adduced. The conclusion and designation of a transaction, or a series of transactions, as a lottery, by the testimony of a lay witness, cannot be sustained by the courts; and, as to what a "Policy Racket" is, is not judicially known.

There are numerous objections and exceptions to the admission of testimony

similar to the ones above set out, as to which we do not deem it necessary to specifically discuss. Suffice it to say, that from a reading of this entire record, it would appear that the conviction of this defendant rests more upon the conclusions and assumptions of a Police Officer, than upon facts, which, alone, will justify a conviction.

In a prosecution of this character it is competent to prove the general reputation of persons with whom the defendant associates, but the fact that the defendant occasionally, or even frequently, was seen associating with gamblers, would not be sufficient evidence alone, and of itself, to warrant a conviction. Wallace v. State, 16 Ala.App. 85, 75 So. 633.

There is some testimony in this case tending to prove that the defendant was engaged in "Policy Playing" or "Policy Racket." Aside from this testimony there was no evidence tending to prove that the defendant was a professional gambler. And, in the absence of testimony showing that "Policy Playing" or "Policy Racket" is a game of chance as denounced by the Statute, we must hold that there is no evidence from which the Jury could legally infer that the defendant was guilty of being a professional gambler.

Other questions presented by the record will probably not arise on another trial, and for that reason are not passed upon on this appeal.

For the errors hereinabove set out, the judgment of this case is reversed and the cause is remanded.

Reversed and remanded.