198 So. 149

# HALLMARK v. STATE.

## 6 Div. 621.

Court of Appeals of Alabama.

June 4, 1940.

Rehearing Denied June 18, 1940.

Morel Montgomery, of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

This is the second appeal from a judgment of conviction for the offense of vagrancy. Opinion in the first appeal is reported in 28 Ala.App. 416, 185 So. 908. Trial of the instant case, in the lower court, again proceeded for a violation of Subd. 6 of Section 5571, Code 1923—specifically that defendant (appellant) was a professional gambler during the period from August 6, 1936, to August 6, 1937.

■ It was the contention of the State upon trial that the defendant, during the specified period, was concerned, engaged or interested in an illegal lottery, described by witnesses as "policy playing," or if not himself so concerned had aided or abetted others who were so engaged—all of which is denounced by Code, Section 4247—and further that such was his avocation. If so, and it were satisfactorily proven, he would be guilty of the offense charged. "Pro-

fessional gambler" has been, by the courts and text writers, variously but not very dissimilarly, defined, and this court approves this definition: "A professional gambler may be defined as a person who makes his living in pursuing the business or practice of unlawful gaming by the use of cards, dice, or other gambling device, with the purpose of thereby winning money or other property, or who conducts, either as owner or employee, a place for gambling. A common gambler has been held to be one who maintains himself chiefly by gaming." 24 American Jurisprudence, Section 46, p. 430.

■ This court, sitting en banc, has read and carefully considered the evidence in the case, and we are constrained to hold that it is insufficient to sustain a conviction. The general rules in regard to presumption and burden of proof apply alike in this as in other prosecutions and the defendant's presumption of innocence obtains throughout the trial and until his guilt is established by legally sufficient evidence, in accordance with the rules of evidence in criminal cases. As correctly held and aptly stated in the former opinion in this case [28 Ala.App. 416, 185 So. 910]: "In a prosecution of this character it is competent to prove the general reputation of persons with whom the defendant associates, but the fact that the defendant occasionally, or even frequently, was seen associating with gamblers, would not be sufficient evidence alone, and of itself, to warrant a conviction. Wallace v. State, 16 Ala.App. 85, 75 So. 633."

■ Little else was proven by the evidence in the case at bar to show the defendant to have been a "professional gambler." It was sufficiently shown that the "policy playing" described by witnesses was an illegal lottery, but that the scheme of gambling described was ever played by defendant or anyone else does not appear. The evidence was also uncontradicted that defendant associated with persons reputed to be professional gamblers and that he at one time paid some fines in court, presumably for some of them. While these facts were circumstances to be considered, this court is of the opinion that they are, in themselves, insufficient to establish that the defendant was a professional gambler. The admission by the defendant that he "was working" for one of these reputed "professional gamblers" was too indefinite to be of pro-

bative value. The character of "work" is not shown and it could have been, from aught appearing from the evidence, legitimate employment. The fact also that the State's witness found in defendant's car "some old drawings or something" was of no evidentiary value in the manner presented by the State. It is not clear, by the evidence, just what these "old drawings or something" were, but unless they represented a lottery yet to be played it could not be conceived to be material evidence in this prosecution. If they were functus, had lost their vitality as an interest in a lottery game by reason of having been played some months· or years before, possession of such would have been too remote to circumstantially prove the defendant's guilty connection with the lottery described. D'Alessandro v. State, 114 Fla. 70, 153 So. 95.

Had the State fully discharged its burden by showing, along with the other legal evidence deduced upon trial, that the defendant was in fact employed by one of the reputed professional gamblers in operating or in aiding or abetting in the operation, of the policy game (and this could have been by inculpatory statements of the defendant), that, during the period in which the prosecution was laid, he was found in possession of lottery tickets or "drawings" then in fieri, yet to be played, and if it had been sufficiently established by legal proof that defendant had been apprehended and convicted, during said period, for the offense denounced by said Section 4247 (instead of leaving such important evidenciary matters to surmise, conjecture and speculation), it is the opinion of this court that these would have been sufficient facts and circumstances for submission to the jury and if believed by it, to warrant conviction of the crime charged. Such is not the condition of the evidence, however, and the trial court, therefore, committed error to reverse in its refusal to give for defendant the general affirmative charge requested and in overruling motion for new trial, seasonably presented.

Manifest error also appears in the refusal of the court below to give special written charge "A," requested by the defendant. This charge comprehended a correct statement of the law, as pronounced in the first Hallmark case, supra (185 So. page 910), and under the facts in the instant case should have been given.

For the errors noted the judgment must be reversed.

Reversed and remanded.