199 So. 745

## SNITZER v. STATE.

### 6 Div. 634.

Court of Appeals of Alabama.

Dec. 17, 1940.

Rehearing Denied Jan. 14, 1941.

Morel Montgomery, of Birmingham, for appellant.

598

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The prosecution in this case originated in the Jefferson county court of misdemeanors, from the judgment of which an appeal was taken to the circuit court. In the circuit court the case was tried upon a complaint filed by the solicitor wherein the defendant (appellant) was charged with the offense of being a vagrant. It appears from the record that a conviction was sought under subsections 1, 2, 3 and 13 of Section 5571 of the Code 1923.

The appeal is here from a judgment of conviction in the circuit court.

After reading and considering the record in this case, we find it unnecessary to advert to, and discuss, the innumerable insistences of error relied upon to effect a reversal of the judgment of conviction from which this appeal was taken; many of which appear to be well taken.

■ In this case, as in all criminal prosecutions, the accused entered upon his trial clothed with the presumption of innocence. In this connection we think it not amiss to quote from 22 Corpus Juris Secundum, Criminal Law, § 581, pages 893, 894, 895, where it is said: "One who is accused is presumed to be innocent of the crime charged against him. The presumption of innocence exists in every criminal case and extends to every person * * * accused of any crime, and it applies to every element of the crime charged. The presumption of innocence may only be overcome by means of a fair and impartial trial, and it exists notwithstanding a failure by accused to testify, or to make a statement denying his guilt, or to offer evidence of his good character, or any evidence. It is not destroyed by the fact that accused was in the company of the one who committed the offense, or by the fact that his situation at the time of his arrest was reprehensible and disreputable, or by mere proof that accused had an opportunity to commit the crime charged. * * * The presumption of innocence is a conclusion drawn by the law in favor of accused, by virtue whereof, when brought to trial on a criminal charge, he must be acquitted, unless he is proved to be guilty, and the prosecution is required to introduce evidence establishing the guilt of accused beyond a reasonable doubt. * * * It is founded on the first principles of justice, and is intended, not to protect the guilty, but to prevent, so far as human agencies can, the conviction of an innocent person."

The only support for the conviction is found in the testimony of three police officers, or detectives, of the City of Birmingham to the effect that during the period between November 3, 1937, to September 10, 1938, they each saw the defendant talking on more than one occasion to certain persons (three or four), whose reputations were that of being professional gamblers. Further, that said conversations were had in the lobby of the Thomas Jefferson Hotel, where many other people were present; also at the Hillman Hotel, and the Mecca Grill—all in the City of Birmingham. These witnesses testified, in this connection, that each of said places were first class and respectable in every way.

■ Pending the examination of the State's witnesses, along the line above indicated, the trial judge made the following statement to the Solicitor, as shown by the record. To wit: "By the Court. He (witness) said he merely saw him talking to him, and I think unless you can show more of an association with him, I don't think it would be competent. The statute says 'strolling about or living in idleness.' You can show he associated with gamblers, if you can. I

think you have to show more than just talking." In connection with the foregoing the court also gave the following special written charge: "I charge you gentlemen, that in a prosecution of this character it is competent to prove the general reputation of persons with whom the defendant associates, but the fact that the defendant occasionally, or frequently, was seen associating with gamblers, would not be sufficient evidence alone, and of itself, to warrant a conviction."

The action of the trial court in making the above-quoted remarks, and also in charging the jury as above, was in strict accord with the law, and decisions of the appellate courts, on the propositions involved.

In our case of Hallmark v. State, 28 Ala.App. 416, 185 So. 908, 910, this court said: "In a prosecution of this character it is competent to prove the general reputation of persons with whom the defendant associates, but the fact that the defendant occasionally, or even frequently, was seen associating with gamblers, would not be sufficient evidence alone, and of itself, to warrant a conviction."

The essential questions of fact that the defendant was over the age of 21 years, and that he was able to work, were not made the subject of inquiry upon the trial of this case.

■ The question presented is whether a charge of the statutory offense of vagrancy can be supported by such evidence. To be a vagrant within the meaning of our statute on the subject (Code, Section 5571), one must come within one of the 13 classes of persons enumerated by the statute in its description of vagrants. It is plain that there was an absence of any evidence tending to show that the defendant belonged to some of the classes of persons mentioned in the statute. There is no room for a claim that the conviction can be sustained unless the conclusion is reached that the evidence tended to show that the defendant was a vagrant within the meaning of one of the following subdivisions or paragraphs of the statute: "(1) Any person who wanders or strolls about in idleness, or lives in idleness, who is able to work, and has no property sufficient for his support. (2) Any person leading an idle, immoral, or profligate life, who has no property sufficient for his support, and who is able

to work, and does not work. (3) Any able-bodied person having no property sufficient for his support, who loafs, loiters, or idles in any city, town, or village, or upon a public highway, or about a steamboat landing, or a railroad station, or any other public place in this state, or any place where intoxicating liquors are sold, without any regular employment * * *. (13) Any person over the age of twenty-one years, able to work, and who does not work, and has no property sufficient for his support, and has not some means of a fair, honest, and reputable livelihood, is a vagrant."

■ In considering the evidence offered in support of a charge under either of these paragraphs of the statute, due effect is to be given to the provision of section 5573 of the Code, which deals with the question of the burden of proof when a feature of the offense for which the defendant is prosecuted is his lack of sufficient means for his honest and reputable maintenance without labor. That provision does not purport to cast upon a defendant who is prosecuted under either of the paragraphs of the statute above quoted the burden of proof to show "that he has sufficient property from which to obtain a support, or sufficient means of maintaining a fair, honest, and reputable livelihood" until the prosecution has first offered evidence tending to prove the existence of all the elements of the offense under one of those paragraphs of the statute other than the defendant's lack of property or means of support. For instance, when the attempt is to convict the defendant under subdivision 1 of the statute, the burden is not cast upon him to prove that he has sufficient property or means for his own support until evidence has been offered tending to prove that he is a person who wanders or strolls about in idleness, or lives in idleness, when he is able to work. As stated, there are numerous other objections and exceptions in this case as to which we do not deem it necessary to specifically discuss. It reasonably appears, from a reading of this entire record, that the conviction of this defendant rested more upon the conclusions and assumptions of the State's witnesses, than upon the facts which alone will justify a conviction.

The rulings of the trial court were not in line with what has been here said. Error prevailed in the action of the court in overruling defendant's motion

to exclude the evidence. Also in refusing to give at defendant's request the general affirmative charge. There was also error in overruling the motion for a new trial.

Reversed and remanded.