4 So.2d 264

**FLANDELL v. STATE.**

6 Div. 708.

Court of Appeals of Alabama.

June 10, 1941.

Rehearing Denied June 30, 1941.

Morel Montgomery, of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

Appellant was tried and convicted in the Circuit Court of Jefferson County for the offense of vagrancy. From a judgment sentencing him to pay the assessed fine of $500 and costs, and additional hard labor punishment of twelve months, he appeals to this court.

The State depended upon evidence that he was a professional gambler as basis for his conviction—denounced by Subsection 6, Section 5571, Code 1923, Code 1940, tit. 14, § 437(6).

■ The obvious omission in the complaint of the pronoun "he" before the words "was a vagrant" did not render the complaint subject to the asserted demurrer; it was as obviously self correcting. The indictment was "certain as to the person charged"—Section 4537, Code 1923, Code 1940, Tit. 15, § 240—and, except for this omission, in exact verbiage prescribed by law—Section 4556, No. 112, Code, supra, Code 1940, Tit. 15, § 259 form 111.

■ One of the principal claims of error is that the evidence was insufficient in law to support the conviction. In this we do not agree. We think there was sufficient evidence to justify a guilty verdict. The fact that, during the period laid in the prosecution, the appellant was frequenting the various places in the City of Birmingham which had all the indicia of gambling rooms, one of which had the well known signal buzzer to warn the participants of approaching danger, and all of which were equipped with tables suitable and customarily used for dice playing; that when the officers approached these places to make raids, there could be heard the usual "commotion" or "confusion" inside and, at times, the familiar "snapping of fingers"; then, upon entrance of the officers, the tomb-like silence of the occupants, with apparently no purpose there except to preserve that silence; on one of these raids the dice had not been disposed of, but there were several pairs in a dresser drawer; that on one occasion when the officers raided Forest Inn—a recognized gambling rendezvous—appellant was the "stick-man behind the

240

dice table", viz., running the game there, himself; that he was never seen to do any work, and, so far as the witnesses knew, had no legitimate employment; that he associated with others, at various times and places, who reputedly were professional gamblers; these proven facts, and others of like import, together with the legitimate inferences reasonably flowing therefrom, impress us that the appellant was guilty and so proven. He elected not to present any evidence.

We think that to disturb the verdict of the jury on the averred ground of the insufficiency of the evidence would be improper. A jury question was clearly presented.

■ That Forest Inn was adjoining the Jefferson County line in Shelby County did not render inadmissible evidence that the appellant had, during the specified period, operated the gambling game there. He was not being prosecuted for this particular act. The charge was that he was a professional gambler, and, if so, he was guilty of vagrancy. It would be highly specious to reason that the State should limit proof under this charge to acts wholly within the confines of Jefferson County. If he was a professional gambler, he was a vagrant, and this irrespective of whether he carried on his vice in Shelby as well as in Jefferson County. We think this evidence pertinent and admissible. The cases of Brown v. State, 108 Ala. 18, 22, 18 So. 811; Commonwealth v. Nichols, 114 Mass. 285, 19 Am.Rep. 346, by analogy, support this view.

■ Charge 2 was a correct statement of the law. Hallmark case, Hallmark v. State, 29 Ala.App. 405, 198 So. 149, certiorari denied 240 Ala. 138, 198 So. 151. Its refusal, however, here resulted in no prejudice to the defendant. As to the evidence adduced, it was but an abstract statement of the law, and, in our view, the refusal thereof resulted in no substantial injury to the appellant. In the Hallmark case, above, the situation was entirely different in that there the defendant's guilty connection with the illegal transaction was sought to be rested solely upon proof that he had associated with professional gamblers. Here such evidence was admitted merely as a circumstance supporting and corroborating the other pertinent evidence of his actually having been caught gaming in the various gambling resorts.

Upon original submission of this cause, we justified the refusal of Charge 2, requested by appellant, because it was abstract. We adhere to this position. The charge is: "2. I charge you Gentlemen it is competent for the State to prove the general reputation of persons with whom the defendant associates, but the fact that the defendant occasionally, or even frequently, was seen associating with gamblers, would not be sufficient evidence alone and of itself, to warrant a conviction."

The evidence was undisputed. The defendant offered none. This uncontradicted evidence was that he had been caught gambling at numerous times and places (as stated hereinabove). It was this evidence which in our view justified his conviction, and the proof as to his associates was but merely an incidental circumstance lending corroboration thereto. Under no phase of the evidence was the prosecution rested upon the fact—much less upon said fact "alone and of itself"—of his having associated with gamblers. We repeat that under the evidence in this case the charge, as requested, embodied but an abstract principle of the law.

■ Moreover, we are strongly impressed that the charge had a tendency to mislead the jury. No contention was made pending trial—nor is there just basis for such an assumption—that (quoting the charge) "the fact that the defendant * * * was seen associating with gamblers would * * * be sufficient evidence alone and of itself to warrant a conviction." As stated, the theory of the State, supported by substantial proof, was that appellant (defendant) was a professional gambler and this because of his having been caught engaging in the gambling transactions which conduced to stamp him as such. The charge hypothesized facts foreign to the issue involved and was misleading. The argument may be well disposed of by the cogent and appropriate observations of Mr. Chief Justice Stone of our Supreme Court in Beck v. State, 80 Ala. 1, 3:

"They [the issues] do not present a state of facts which raised the legal question embodied in that charge, and the charge was consequently abstract. An abstract charge, if it probably misled [misleads] the jury, even if it assert a correct legal principle, is an error. * * *

"As we said above, the evidence on the trial did not raise the legal question which the charge sets forth, and the charge was abstract."

We feel bound to hold that no substantial right of the defendant was erroneously prejudiced pending trial. We think the conviction should stand. The judgment below is affirmed.

Affirmed.

Opinion extended and application for rehearing denied.