34 So.2d 175

## BROOKS v. STATE.

### 7 Div. 945.

Court of Appeals of Alabama.

Feb. 24, 1948.

Chas. Douglass, of Anniston, for appellant.

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant was found guilty by a jury of the offense of vagrancy.

The complaint filed by the solicitor alleged that within twelve months before the commencement of this proceeding the defendant was a vagrant, against the peace and dignity of the State.

■ The complaint was in code form, and sufficient. The demurrers thereto were properly overruled. Section 437, Title 14, Code of Alabama 1940; Hill v. State, 23 Ala.App. 451, 127 So. 791; Hallmark v. State, 28 Ala.App. 416, 185 So. 908.

The evidence introduced by the State in the trial below was substantially as follows:

Houston Brooks, husband of the appellant, testified that he was engaged in work about a mile and a quarter from where he and appellant and their two small children lived in Calhoun County. On the morning of 13 May 1947 when he left for work the appellant requested he take the two children with him, which he did. When he returned home from work that afternoon the appellant had departed, leaving no message of any sort.

Brooks further testified that he did not know his wife had been "running around with some man in Calhoun County."

Amos Earwood testified that on 13 May 1947 he and a man named Pulliam met appellant and another woman named Phillips in Lincoln, in Talladega County. Together the four of them went to El Paso, Texas, travelling in an automobile. There they stayed in a tourist court where appellant obtained work helping in and about the operation of the tourist court. Earwood claims he saw no acts of immorality on the part of appellant during any of the time he was with this group on their trip or in Texas.

A. A. Pate, Sheriff of Calhoun County, testified he went to Texas and returned appellant to Alabama, she having been arrested on a warrant charging vagrancy forwarded to the Texas officials. While in El Paso he went to the tourist court where appellant lived and was employed for the purpose of obtaining appellant's belongings for her. Her clothing was in a dresser with some men's clothing. The room containing the dresser also had a double bed in it.

This constituted the state's case. At the conclusion of the state's case the appellant moved to exclude the testimony and dismiss the cause. This motion was by the court denied, the appellant duly reserving an exception.

For the defense the appellant testified in her own behalf. Her testimony tended to show that the night before she left her home her husband had cursed and abused her; and that a few days before this when she told her husband she was unable to do some work on the house that he had insisted she do he had struck her with a plank.

She and her husband had separated several times before, but had gone back together.

On 13 May 1947, after her husband and children had gone, she was packing her clothes for the purpose of returning to her mother's home. During this packing Mrs. Phillips, a neighbor, who was separated from her husband, came in. Mrs. Phillips requested her to go to Texas with her where there was plenty of work.

Appellant and Mrs. Phillips went to Lincoln, in Talladega County, in a taxi. There they met Earwood and Pulliam in about an hour and the quartet left for Texas.

Appellant claimed that she engaged in no immoral relations on the trip, which took three days, or after arriving in El Paso. At the tourist court in El Paso she obtained work as manager. In this capacity she rented rooms, helped clean them, cooked, and waited on tables. She alleges that no man occupied a room with her, but that she had a room to herself.

Appellant denied that she had at any time engaged in immoral conduct in Calhoun County.

Four character witnesses testified as to appellant's good reputation.

In rebuttal Houston Brooks gave testimony denying he had mistreated appellant in any way, at any time.

In Section 437, Title 14, Code of Alabama 1940, the legislature has set forth some thirteen categories of conduct, any one of which will constitute a person a vagrant whose conduct falls within any of the mentioned categories.

■ To be a vagrant within the meaning of this section, one must come within one of the thirteen classes of persons enumerated by the section. Brown v. State, 4 Ala.App. 122, 58 So. 794.

Of the thirteen categories enumerated in the above section as constituting one a vagrant only 1, 2, 3, and 13 could possibly have application to this case under the evidence adduced. These categories are as follows:

"(1) Any person who wanders or strolls about in idleness, or lives in idleness, who is able to work, and has no property sufficient for his support.

"(2) Any person leading an idle, immoral, or profligate life, who has no property sufficient for his support, and who is able to work, and does not work.

"(3) Any able-bodied person having no property sufficient for his support, who loafs, loiters, or idles in any city, town, or village, or upon a public highway, or about a steamboat landing, or a railroad station, or any other public place in this state, or any place where intoxicating liquors are sold, without any regular employment.
* * *

"(13) Any person over the age of twenty-one years, able to work, and who does not work, and has no property sufficient for his support, and has not some means of a fair, honest, and reputable livelihood, is a vagrant."

Categories (1), (3), and (13) may well be grouped for the purpose of our discussion.

■ So far as shown by the record the only possible period of idleness in Calhoun County that could be charged to this appellant was from the time she began her departure until she reached the Calhoun County line on the way to Lincoln, in Talladega County. At most this could have been only a few hours, a part of a day. In general the law disregards a fraction of a day. Lang v. Phillips, 27 Ala. 311. Disregarding this generalization, however, it is our opinion that the idleness and wandering about described in our vagrancy statute is aimed at a mode of life, and certainly not at one isolated instance of idleness of only a few hours duration at most.

■ In addition the record shows this appellant to be a married woman. There is no evidence that her husband was unable to support her. In fact the inference is contrary and to the effect that he had and did support her. He was not relieved of this duty because she separated from him. This situation in and of itself in our opinion precludes the application of categories (1), (3), and (13) in determining whether appellant was a vagrant within in such categories.

■ Category (2) likewise is inapplicable to the facts of this case, for an addition the idleness under the conditions set forth, and to which the above discussion is equally applicable, the alleged vagrant must have led an immoral or profligate life in the county in which the prosecution is had. There is not one particle of evidence in this record from which it could reasonably be inferred that this appellant's life in Calhoun County had been immoral, or profligate. All inferences from the evidence are to the contrary. While it is true there was evidence from which the jury could infer immoral conduct on appellant's part *after* she had left Calhoun County, such inferences as could be drawn therefrom did not, in our opinion, rise above mere suspicion and conjecture in shedding light on appellant's conduct in Calhoun County prior to her departure therefrom.

It is our opinion that the trial court erred to reversal in denying appellant's motion to exclude the evidence and discharge the defendant at the conclusion of the State's case, in denying appellant's request in writing for the affirmative charge, and perforce in denying appellant's motion for a new trial.

Other points and propositions are raised and argued by appellant in his brief as constituting error. We have reserved consideration thereof, and have refrained from writing thereto for the reason that in our opinion the broader general aspects of this case which have been discussed above are decisive thereof.

This cause is in our opinion due to be reversed, and it is so ordered.

Reversed and remanded.