43 So.2d 844

### CHARLES v. STATE.
### 6 Div. 814.

Court of Appeals of Alabama.
Jan. 10, 1950.

Wm. B. McCollough, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

CARR, Judge.

The defendant below was convicted of being a vagrant. Title 14, Sec. 437, Code 1940.

The complaint filed by the solicitor was sufficient. Hallmark v. State, 28 Ala. App. 416, 185 So. 908.

The evidence for the State in its most potent aspect supported the prosecution under Subsection (1) of the above statute.

The charge was originally instituted on December 23, 1948. The State's evidence tended to show that within the twelve month period just prior to the above date, the appellant lived in idleness with the exception of very short intervals of time. It was shown also that he had been arrested several times for gambling.

The defendant's evidence did not refute this proof to any substantial extent. It seems that his prime defense was that he was unable to secure employment although he made many efforts to do so. He testified, also, that he suffered some with his eyes and this ailment rendered him unfit for work a part of the time.

There is no evidence from which it can be inferred that the appellant had any property or income from any source other than from his manual labor. At the time of the trial he was twenty-four years of age, single, in apparent good health, and living with his married sister.

The court was not in error in overruling the motion to exclude the evidence. Neither was the defendant due the general affirmative charge. Cleghorn v. State, 23 Ala.App. 37, 121 So. 435.

We are not authorized under the familiar rule to hold that the court below was in error in denying the motion for a new trial. Freeman v. State, 30 Ala.App. 99, 1 So.2d 917.

Evidence of the defendant's conduct and associations, which tended to show that he was living in idleness, was competent. It was, therefore, pertinent to the factual issues to allow the State to prove that the accused was seen at gambling places during the period of time covered by the prosecution. Hill v. State, 23 Ala.App. 451, 127 So. 791.

It is not a conclusion for a witness to testify that a person with whom he frequently associates appeared to be healthy. Cauley v. State, 33 Ala.App. 557, 36 So.2d 347; Pollard v. Rogers, 234 Ala. 92, 173 So. 881; Ledbetter v. State, 34 Ala. App. 35, 36 So.2d 564.

During his opening argument to the jury and referring to the defendant, the solicitor stated: "He makes a living off of other people." During his closing argument, the prosecuting officer said: "Isn't that the very place where they goldbrick them?" The latter assertion had reference to a gambling place which the appellant frequented from time to time.

The court overruled objections to each of the quoted statements. We think correctly so.

The evidence disclosed that the defendant gambled and that he lived with his married sister. According to her testimony he was not required to pay for his board and lodging while he was unemployed. The indicated gambling place seems to have been rather notorious. One accepted slang meaning of "gold-brick" is "to swindle." Webster's New Int. Dictionary, 2d Ed.

The assertions came within the range of legitimate inferences from the evidence.

Charge numbered 3 which was refused to the appellant is abstract. The State did not rely for a conviction on proof that the accused was a professional gambler.

This court in Snitzer v. State, 29 Ala. App. 597, 199 So. 745, held that this charge is in strict accord with the law and the action of the court in giving it was approved. It is to be noted that we were not reviewing there the question of its refusal. In any event, in the Snitzer case the State was attempting to establish the guilt of the accused by proving that he was a professional gambler.

■ Refused charge numbered 4 is invasive of the province of the jury. It also places undue emphasis and prominence on facts that were in dispute and ignores other aspects of the evidence. Watts v. State, 8 Ala.App. 264, 63 So. 18; Nelson v. Lee, 249 Ala. 549, 32 So.2d 22.

The questions we have omitted to treat do not merit any comment.

The judgment of the court below is ordered affirmed.

Affirmed.