R. Morel Montgomery, Birmingham, for appellant.

61 So.2d 773

### HALL v. CITY OF BIRMINGHAM.
### 6 Div. 266.

Court of Appeals of Alabama.
Oct. 8, 1952.

Rehearing Denied Oct. 28, 1952.

Chas. H. Brown, Birmingham, for appellee.

PRICE, Judge.

Appellant was convicted in the Recorder's Court for the offense of vagrancy, in violation of Section 1444 of the General City Code of Birmingham of 1944, as amended by ordinance 589F.

On appeal to the circuit court a complaint was filed by the City attorney charging the defendant with the offense of being a vagrant, contrary to and in violation of said ordinance.

The cause was tried by the court without a jury, and was submitted by agreement of the parties on the typewritten record of the trial in the Recorder's Court. The court adjudged defendant guilty and assessed a fine of $100 and imposed hard labor for the city for 180 days.

No brief has been furnished us by the City of Birmingham.

Motion to exclude the evidence and discharge the defendant, made at the conclusion of the testimony for the city, was overruled, and defendant excepted.

The evidence presented for the prosecution was by police officers, or detectives, and was to the effect that during the past year they had had defendant under surveillance many times, both day and night. When they had observed him he was either at his home; hanging out clothes, burning trash, working in the garden, or was driving his automobile, or getting mail at the post office. From this observation they would say he was able to work and did not work. At the time defendant was arrested he stated he was Southern Editor for the Daily Worker.

On the cross examination of these witnesses it was admitted that defendant owned a 1941 Chevrolet automobile, and defendant introduced documents as exhibits to the testimony of said witnesses, showing he had received wages during 1949 from the Alabama Communist party amounting to $2,210, and a deed to defendant to his home in the City of Birmingham. It was also stipulated that defendant had in his possession 18 Series "E" United States Savings Bonds of the denomination of $50 face value, issued during 1944 and 1945.

Defendant offered no testimony in his own behalf.

Ordinance No. 1444, in defining who are vagrants, substantially follows Section 437 of Title 14 of the 1940 Code. Said ordinance is as follows:

"(1) Any person wandering or strolling about in idleness, or living in idleness, who is able to work and has no property sufficient for his support.

"(2) Any person leading an idle, immoral or profligate life, who has no property sufficient for his support, but who is able to work and does not work.

"(3) Any able-bodied person having no property sufficient for his support, who loafs, loiters or idles in the city.

"(4) Any person trading or bartering stolen property, or who unlawfully sells or barters any spirituous, vinous or malt or other intoxicating liquors.

"(5) Any person who is a common drunkard.

"(6) Any person who is a professional gambler.

"(7) Any able-bodied person who is found begging.

"(8) Any able-bodied person who shall abandon his parents, wife and children, or either of them, without just cause, leaving her or them without sufficient means of subsistence or in danger of becoming a public charge.

"(9) Any person who is a prostitute.

"(10) Any person who is a keeper, proprietor or employee of a house of prostitution.

"(11) Any person who is a keeper, proprietor or employee of a gambling house.

"(12) Any person who has no property sufficient for his support, and who is able to work and does not work, but hires out his children or allows them to hire out.

"(13) Any person over the age of twenty-one years, able to work, and who does not work, and has no property sufficient for his support, and has not some means of a fair, honest and reputable livelihood.

"(14) Any person of sound mind who is, or has the reputation of being, a professional gambler, and who is found in the city unable to give a good account of a fair, honest and reputable means of livelihood or a good account of current bona-fide attempts to obtain such means of livelihood in or about the city consistent with his bodily condition."

592

It is evident from the record that a conviction was sought under subdivision 13 of said ordinance.

Under this subdivision of the statute, Title 437, supra, it has been held that a conviction can only be had in instances where the proof shows that the defendant has no property sufficient for his support, or has not some means of a fair, honest and reputable livelihood, and under Section 439, Title 14, Code 1940, this is made defensive matter, and the onus is upon defendant to establish the fact that defendant has property sufficient for his support or means of a fair, honest and reputable livelihood. Wallace v. State, 16 Ala.App. 85, 75 So. 633.

■ But it is not encumbent upon defendant to establish that he has property sufficient for his support or means of a fair, honest and reputable livelihood, until the prosecution has offered evidence tending to prove the existence of all the elements of the offense under the subdivision under which the defendant is prosecuted, other than defendant's lack of property or means of support. Brown v. State, 4 Ala. App. 122, 58 So. 794; Snitzer v. State, 29 Ala.App. 597, 199 So. 745.

■ It is our opinion in this case that the prosecution has failed to show that defendant is able to work and does not have regular employment. Reed v. State, 16 Ala. App. 646, 81 So. 138.

■ The law is well established that to be a vagrant a defendant must come within one of the classes of persons enumerated in the description of vagrants. Brown v. State, 4 Ala.App. 122, 58 So. 794; Brooks v. State, 33 Ala.App. 390, 34 So.2d 175.

In this case the prosecution has failed to meet the burden of proof resting upon it. The evidence adduced fails to show that defendant was a vagrant within the meaning of any of the subdivisions of the ordinance.

The trial court erred in denying appellant's motion to exclude the evidence and discharge defendant.

The judgment of conviction is reversed and the cause remanded.

Reversed and remanded.