63 So.2d 606

## PIKE v. STATE.

### 6 Div. 518.

Court of Appeals of Alabama.
March 3, 1953.

714

Gibson, Hewitt & Gibson, Birmingham, for appellant.

" Si Garrett, Atty. Gen. and M. Roland Nachman, Jr., Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

In the court below the accused was convicted on a complaint charging vagrancy.

The State anchored the prosecution on subsection 6, section 437, Title 14, Code 1940; that is to say that the defendant was a professional gambler.

The court permitted the prosecution to prove that the appellant was seen gambling and that he frequently associated with gamblers. The introduction of this character of evidence is sanctioned by the authorities. Brannon v. State, 16 Ala.App. 259, 76 So. 991.

However, the State did not limit its inquiry within this evidential scope. Over the timely objection of the appellant, the court allowed proof that on occasions, within the twelve month period prior to the beginning of the prosecution, the defendant and his associates were arrested by the officers on a charge of gambling.

This identical question was before this court for review in the case of Lyons v. State, 32 Ala.App. 44, 21 So.2d 339, 340. In that case Presiding Judge Bricken wrote this for the court:

"But there has never been any rule of evidence, or any law, to permit the State, as here appears, to offer evidence to the effect that the defendant had been formerly arrested by the State's witnesses, which of necessity would tend to cast undue opprobrium upon the accused, who in this case never offered himself as a witness. There is a wide distinction between the words arrest and conviction. Arrests may be unduly made by active and overzealous peace officers; or by biased and prejudiced officers."

We have again given studious consideration to this holding. It appears to be logical and sound, and based on fairness and justice. We are not persuaded that we should depart from it.

It is ordered, therefore, that the judgment below be reversed and the cause remanded.

Reversed and remanded.