63 So.2d 735

**SPRIGGS v. STATE.**

1 Div. 647.

Court of Appeals of Alabama.

March 3, 1953.

M. Thomas Murphy, Mobile, for appellant.

Si Garrett, Atty. Gen., L. E. Barton, Asst. Atty. Gen., and Thos. M. Haas, Montgomery, of counsel, for the State.

CARR, Presiding Judge.

In the court below the accused was convicted on a complaint charging vagrancy.

Without dispute in the evidence the appellant, within the twelve months just prior to the beginning of the prosecution, had not been engaged in any gainful occupation.

There was evidence which sustained the State's theory that during this period of time the defendant was a professional gambler. There was proof also that supported a reasonable inference that he engaged in the traffic of selling marijuana cigarettes.

The defendant did not testify at the trial, but he introduced some witnesses who deposed that the accused had real estate from which he received a monthly rental. This amount was not nearly sufficient to meet the normal living expenses of the appellant and his wife. In any event, this would not be a valid defense against a vagrancy charge prosecuted under the sixth subsection of Title 14, Sec. 437, Code 1940; that is to say, that the accused was a professional gambler.

In the case of Flandell v. State, 31 Ala. App. 520, 19 So.2d 401, we held in effect that the offense of vagrancy may be established by proof of a violation of any one of the subsections set out in the code section, supra. See also, Brannon v. State, 16 Ala.App. 259, 76 So. 991; Brown v. State, 4 Ala.App. 122, 58 So. 794; Hallmark v. State, 28 Ala.App. 416, 185 So. 908.

The question of the sufficiency of the evidence to sustain the judgment of conviction is raised by the request for the general affirmative charge, a motion to exclude the State's evidence, and a motion for a new trial.

There is no merit in any of these positions.

Several of appellant's objections to the introduction of the evidence related to

proof that he frequently associated with gamblers and vendors of marijuana cigarettes.

█ The authorities sustain the propriety of the admissibility of this character of evidence. Brannon v. State, supra.

Some of appellant's objections to questions came after answers had been made thereto. Tucker v. State, 36 Ala.App. 311, 55 So.2d 365; Bryant v. State, 36 Ala.App. 83, 52 So.2d 403.

We have not had the aid of a brief from the appellant, but as the law demands we have given careful and studious consideration to each question presented for review by the record.

The judgment below is ordered affirmed.

Affirmed.