67 So.2d 902

## JOHNSON v. STATE.

### 6 Div. 672.

Court of Appeals of Alabama.

Oct. 27, 1953.

H. E. Mitchell, Cullman, for appellant.

Si Garrett, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

PER CURIAM.

Appellant was convicted under an indictment charging him with the offense of being a vagrant. The cause was tried by the court without the intervention of a jury. A fine of $200 was assessed as punishment.

The State relied for a conviction upon the testimony of several County and City officers, who testified that during the twelve months' period before the finding of the indictment three or four days out of each week, and particularly on Fridays and Saturdays, defendant loitered on a street corner in Cullman on which was located

a taxicab stand, pool room and cafe. He left from the corner in a taxicab as many as five or six times a day, returning in a short time. On two or three occasions the officers watched defendant's house, and saw six or eight cars drive up with two to six men in each car, the men going in the house and staying a few minutes. The cab in which defendant usually rode and the taxi stand had the reputation of being "bootlegging places." On occasions the officers stopped the cab but did not arrest defendant or the driver.

The sheriff testified that he knew of his own knowledge that defendant was a bootlegger, but on cross-examination he stated he based that knowledge on the fact that he caught him at his home one time with whiskey in his hand, and from the numbers of cars and the people going to his house, but had never seen or caught him selling any whiskey. This witness and the Chief of Police testified they had seen defendant drunk twice during the past year.

State witnesses also testified defendant lived on a farm. That he hung around the corner on week days during crop time. So far as they knew defendant was able-bodied and they had never seen him work.

For the defendant, Dr. Williford testified he had treated defendant for some time and three years before the trial had performed an operation for gall stones, removing the gall bladder, and had advised defendant not to do heavy work after the operation. Defendant has had other diseases, including a recurring middle ear infection. He testified on cross-examination defendant was able to do light work and he had last treated him fourteen months previously for the ear infection.

Defendant testified he owned 120 acres of land five miles from Cullman. He made a cotton crop this year but rented out his corn land. He raised sixteen bales of cotton, introducing in evidence receipts evidencing the sale of the sixteen bales. He raised the cotton himself with the help of his wife and one child. He used a riding cultivator and hired two days' plowing. He denied that he had ever sold whis-

key. He said the officers found some whiskey that belonged to his brother at his house on one occasion. The taxi drivers were his friends and often invited him to ride on trips when they were hauling passengers. He denied taking men to his home in cabs.

■ The law is well established that to be a vagrant a defendant must violate the provisions of at least one of the 13 subdivisions of Section 437 of Title 14, Code 1940. Brown v. State, 4 Ala.App. 122, 58 So. 794; Snitzer v. State, 29 Ala.App. 597, 199 So. 745; Brooks v. State, 33 Ala. App. 390, 34 So.2d 175.

From a reading of the record it is evident that a conviction was sought under either or all of subdivisions 3, 4 and 5 of this statute.

Before a conviction can be had under subdivision 3 of section 437, supra, the proof must show, in addition to the other elements of the offense, that defendant was an "able-bodied person having no property sufficient for his support" or was "without any regular employment." Wallace v. State, 16 Ala.App. 85, 75 So. 633; Reed v. State, 16 Ala.App. 646, 81 So. 138.

■ Under Section 439, Title 14, Code, supra, the burden is shifted to defendant to establish the fact that he has property sufficient for his support or means of a fair, honest and reputable livelihood, Wallace v. State, 16 Ala.App. 85, 75 So. 633, but this is incumbent upon him only when the prosecution has offered evidence tending to prove the existence of all the elements of the offense, other than defendant's lack of property or means of support. Brown v. State, 4 Ala.App. 122, 58 So. 794; Snitzer v. State, 29 Ala.App. 597, 199 So. 745.

In this case the State has not only failed to prove beyond a reasonable doubt that defendant is an able-bodied person, authorities supra, but the defendant has shown by undisputed evidence that he has property and means sufficient for his support.

As to subdivision 4 of said section, which provides that "Any person trading or bar-

tering stolen property, or who unlawfully sells or barters any spirituous, vinous, or malt or other intoxicating liquors" is a vagrant, the testimony of the officers on cross-examination shows that their statements that the defendant was a bootlegger were based on surmises, and suspicions or were hearsay or conclusions of the witnesses. Hoyle v. State, 23 Ala.App. 130, 122 So. 183. And the mere fact that the officers found whiskey in defendant's possession has been held insufficient to sustain a charge of vagrancy under this section. McCrosky v. State, 17 Ala.App. 523, 87 So. 219.

Under the decisions of this court the evidence that defendant had been seen drunk twice during the year, would not be sufficient to establish the fact that he was a common drunkard, under the provisions of subsection 5 of the statute. Tatum v. State, 32 Ala.App. 128, 22 So.2d 350; Prince v. State, 36 Ala.App. 529, 59 So.2d 878.

We are of the opinion the evidence adduced fails to show that the defendant was a vagrant.

The judgment of conviction is reversed and the cause remanded.

Reversed and remanded.