182 So.2d 577

**Joseph McCONNELL**

**v.**

**STATE.**

**1 Div. 51.**

Court of Appeals of Alabama.

Feb. 1, 1966.

C. Clark Bulwinkle, Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Appellant was convicted of the offense of vagrancy. Code 1940, Title 14, Secs. 437, 438.

For the State, Edwin A. Pennington, Police Officer of the City of Mobile, testified he arrested defendant around nine o'clock, P.M., on July 25, 1964, after he noticed him in an automobile which turned in front of the Wheel House, a place where alcoholic beverages are sold; that he had observed defendant, over the period of three years in which he had been a police officer, around various places where intoxicating liquors are sold; that he has never seen the defendant work and he has had no visible means of support. Enroute to the police station defendant stated that if he was arrested every day of the week he still wasn't going to work. On cross-examination this witness was asked to name the various establishments where he had seen the defendant. He testified that during the last twelve months he had seen him in Palughi's place on six occasions for about an hour each time; in the new Spic on approximately two occasions for a half hour to an hour each time, and in the Royal Cafe once or twice for a half hour to an hour each time; that he is familiar with these three places and that they are legally and lawfully licensed business establishments and he knows of nothing that would make it unlawful for a person to be on the premises; that defendant lives with his mother who has a home on Conception Street in Mobile; that in addition to the times set out above he has observed the defendant five or six times walking on the city streets for a few minutes at a time, perhaps not longer than a half hour altogether; that out of the entire twelve months he has seen and observed him for approximately eleven to twelve hours; that it is possible he could have been working during the times he did not see him.

Robert Mayo, Detective Mobile Police Department, testified he had known defendant for three or four years and during that time he had no visible means of support and he had never known him to work; that after his arrest in this case he stated he did not work and he never intended to work; that he had seen him at about every tavern or beer hall in Mobile and had also seen him at places which were reputed to be houses of prostitution; that he had seen him walking around the streets of Mobile; that he has never seen him at any time when he was engaged in earning a living; that he knows of no property belonging to defendant. On cross-examination he testified defendant lives with his mother and another woman on Conception Street in Mobile; that they have occupied these premises since he has known him; that he has never known him to panhandle or sleep on a park bench; that he is always neat in his appearance; that on the several occasions when he has arrested him he has had money and in some instances he has had substantial sums, often as much as a hundred dollars, but he would never tell where he got the money; that witness had never been in several lounges mentioned by defense counsel and that there are many places in Mobile dispensing alcoholic beverages where he has not seen defendant. He has just seen him in the places he checks; that some of the places where he has seen him are business establishments and that it is not unlawful to be in such places.

No evidence was presented for defendant.

█ It is apparent from the record that a conviction was sought under either or all of subds. (1), (3) and (13) of the Vagrancy Statute, supra. The court charged the jury as to these paragraphs. It is well settled that under each of these subsections the prosecution must offer evidence tending to prove the existence of all of the elements of the offense, other than the defendant's lack of property or means of support before the defendant is called upon to establish that he has property sufficient for his support or means of a fair, honest and reputable livelihood. Brown v. State, 4 Ala.App. 122, 58 So. 794; Snitzer v. State, 29 Ala.App. 597, 199 So. 745; Johnson v. State, 37 Ala.App. 339, 67 So. 2d 902. It is our opinion the evidence here was not sufficient to prove that defendant came within the class of persons enumerated in subds. (1) and (2) of Section 437, Title 14, Code. Brown v. State, supra.

█ The only evidence tending to show that defendant was able to work was testimony that he was able to walk and that on occasions when he was arrested he was always able "to maneuver on his own physically, we've never had any trouble getting him in jail or out of jail as far as physical disabilities would apply to it." We think this evidence was not sufficient to show that he was able-bodied or physically able to work. Reed v. State, 16 Ala.App. 646, 81 So. 138; Hall v. City of Birmingham, 36 Ala.App. 590, 61 So.2d 773.

The motion to exclude the evidence should have been granted.

██ There was considerable testimony as to defendant's past records of arrests on state and city vagrancy charges. This was improper evidence, Lyons v. State, 32 Ala. App. 44, 21 So.2d 339; Pike v. State, 36 Ala.App. 713, 63 So.2d 606, but its admission was not error in the absence of objection by defendant.

Reversed and remanded. ·